SARAH M. GERARD et al., Respondents, *v.* JAMES McCORMICK, Appellant.

While to entitle a principal to recover money wrongfully paid by his agent upon a debt of the latter, he must show that the creditor knew that the agent was acting in violation of his authority, knowledge that the money was held by him as agent is sufficient to establish this *prima facie*, as the legal presumption is that an agent has no authority to dispose of the property of his principal in payment of his own debt.

One, therefore, who receives such payment, with knowledge that the money was held by his debtor as agent, does so at his peril, and to defeat a recovery must show authority in the agent to so dispose of the money.

B., as the agent of plaintiffs, had charge of certain premises known as "Glass Buildings;" he deposited the rents collected to the credit of a bank account kept in his name as "Agent Glass Buildings." In payment of a debt which B. owed defendant, as collateral for which the latter held certain securities, he received a check on the bank signed by B., with the words "Agt. Glass Buildings" following his signature, and on receipt surrendered the securities. The check was paid by the bank and charged to said account. B. had no authority to so use the fund. In an action to recover the amount thereof, there was no evidence tending to raise any question as to defendant's good faith, except such receipt of the check. *Held*, that the form of the check was sufficient to indicate to defendant the existence of an agency, and to put him on inquiry as to the agent's authority to so use the money; and so, that a refusal to nonsuit and a submission of the case to the jury, was proper.

(Argued October 29, 1891; decided December 1, 1891.)

APPEAL from judgment of the General Term of the Court of Common Pleas of the city of New York, entered upon an order made February 19, 1890, which affirmed a judgment in favor of plaintiffs entered upon a verdict and affirmed an order denying a motion for a new trial.

The action was brought to recover $501.25, money received by the defendant September 19, 1882, alleged to belong to the plaintiffs.

For many years, the plaintiffs have owned Nos. 87 and 89 Wall street, New York, known as "Glass Buildings." From 1872 to February, 1887, William Boswell was the agent of the plaintiffs, having authority to collect and deposit the sums

received for rents in the Corn Exchange Bank to the credit of an account kept in the name of "William·Boswell, Agent Glass Buildings," and to draw therefrom sums due for repairs, insurance, taxes, interest on incumbrances, his own commissions and for the usual expenses of such buildings, and then to divide, by checks on the account, the remainder among the plaintiffs according to their respective interests. The checks drawn against this account were signed "William Boswell, Agt. Glass Buildings."

August 31, 1882, William Boswell borrowed $500 of the defendant upon securities deposited as collateral, and on the 19th of September, 1882, he paid the loan amounting, with interest, to $501.25, by the following check:

"No.                                 NEW YORK, *Sept.* 19*th*, 1882.
    "CORN EXCHANGE BANK:
"Pay to the order of James McCormick, Five hundred and one 25 Dollars.
"$501.25.              WILLIAM BOSWELL,
                                "*Agt. Glass Buildings.*"

Upon receiving the check, the defendant surrendered to Boswell the collateral pledged as security for the loan, and thereupon the check was thus indorsed:

                    "James McCormick,
                        "For Deposit
                "to the credit of James McCormick & Co.,
                    "per JOHN C. FINK, *Atty.*"

Thereafter the check was paid by the Corn Exchange Bank pursuant to the above order indorsed thereon, and charged to the account of "William Boswell, Agt. Glass Buildings."

In 1887, the plaintiffs learned that Boswell had, from time to time, appropriated large sums of money arising from the rents to his own use. The appropriations were made by drawing checks for his own benefit, like the one given to the defendant, and by neglecting to keep down the taxes and interest, which he reported to the owners as paid. After Boswell's frauds were discovered, this action was begun September

5, 1888, to recover from the defendant the sum received by him by this check. The defenses interposed were : (1) That the money secured by means of it did not belong to the plaintiffs ; (2) That the defendant received it for value, in good faith, and without notice of the plaintiffs' rights, if any they had.

When the plaintiffs rested, and again at the close of the evidence, the defendant asked the court to dismiss the complaint on the grounds, among others, that the evidence was insufficient to authorize the jury to find that the money received belonged to the plaintiffs, and was insufficient to authorize them to find that the defendant had knowledge that the check was drawn against money belonging to the plaintiffs. The motion was denied and an exception taken. The questions were submitted to the jury under instructions which are not contained in the case, and must have been satisfactory to both parties. A verdict was found for the plaintiffs on which a judgment was entered, which was affirmed by the General Term, and from that judgment the defendant appealed to this court.

*Samuel Fleischman* for appellant. The action being one for money had and received, it was essential that plaintiff, in order to recover, should prove that the defendant received money belonging to plaintiffs. This plaintiffs utterly failed to do. (*DePeyster* v. *Winter,* 4 How. Pr. 449 ; *N. T. Co.* v. *Gleason,* 77 N. Y. 403 ; *Chapman* v. *Forbes,* 123 id. 536 ; *Decker* v. *Salzman,* 59 id. 277 ; *Supervisors, etc.,* v. *Sisson,* 24 Wend. 387.) To enable a principal to recover his money paid by his agent in discharge of the latter's debt, the former must show that the defendant knew that the agent had no right thus to use the money. (*Ford* v. *U. N. Bank,* 88 N. Y. 672 ; 25 Hun, 64 ; Story on Agency, §§ 227, 228 ; *Justh* v. *N. Bank,* 56 N. Y. 478 ; *Lamback* v. *Liebert,* 87 Penn. St. 55 ; *Bank of Batavia* v. *N. Y., L. E. & W. R. R. Co.,* 106 N. Y. 195 ; *Griswold* v. *Haven,* 25 id. 595 ; *N. Y. & N. H. R. R. Co.* v. *Schuyler,* 34 id. 30, 58, 68 ; *Armour* v. *M. C. R. R. Co.,* 65 id. 111 ; *N. R. Bank* v. *Aymer,* 3 Hill, 262 ;

*Amidon* v. *Wheeler*, Id. 137; *LeBritton* v. *Pierce*, 2 Allen, 8; *L. R. Bank* v. *Plimpton*, 17 Pick. 158; *Clement* v. *Leverett*, 12 N. H. 317.) The words " Agt. Glass Building," added to Boswell's name, were but *descriptio personœ*, and defendant had a right to regard the check as Boswell's individual check. (*De Witt* v. *Walton*, 5 Seld. 571; *Pentz* v. *Stanton*, 10 Wend. 271; *Reznor* v. *Wood*, 36 How. Pr. 353; *Hills* v. *Bannister*, 8 Cow. 32; *Taaft* v. *Brewster*, 9 Johns. 333.) The defendant having given up security upon receipt of the check was a purchaser for value. (*Bank of Salina* v. *Babcock*, 21 Wend. 499; *M. Bank* v. *Corey*, 1 Hill, 513; *Bank of Sandusky* v. *Schoville*, 24 Wend. 115; *Meads* v. *M. Bank*, 25 N. Y. 143.) Plaintiffs are estopped from recovering from defendant by reason of their delay in prosecuting the claim. (*Justh* v. *N. Bank*, 56 N. Y. 478.) This action, being for money had and received, is in the nature of an equitable action; and plaintiffs can only recover by showing that they are *ex œquo et bono* entitled to the money. (*Eddy* v. *Smith*, 13 Wend. 490; *K. Bank* v. *Eltinge*, 66 N. Y. 625.)

*H. Kettell* for respondents. A deposit made by a depositor as agent is *prima facie* the property of the principal. (*Arnold* v. *M. S. Bank*, 71 Penn. St. 287.) The signature to the check was sufficient notice to defendant to put him on inquiry. (*Carpenter* v. *Farnsworth*, 106 Mass. 561; *Wright* v. *Cabot*, 89 N. Y. 574; *Budd* v. *Munroe*, 18 Hun, 316; *Pendleton* v. *Fay*, 2 Paige, 202; *Anderson* v. *Alen*, 12 Johns. 343; *M. Bank* v. *Livingston*, 74 N. Y. 223; *Moore* v. *A. L. & T. Co.*, 115 id. 65; *Stevens* v. *Board of Education*, 79 id. 187; *Argersinger* v. *McNaughton*, 24 N. Y. S. R. 16.) The words of the signature after the name were not merely descriptive of the person. (*Fellows* v. *Longyear*, 91 N. Y. 331; *Sutherland* v. *Carr*, 85 id. 110; *N. Bank* v. *Ins. Co.*, 104 U. S. 517.) The defendant being the one whose acts made the occurrence possible, must bear the loss and is liable to the plaintiffs. (*Wright* v. *Cabot*, 89 N. Y. 574; *G. Bank* v. *S. Bank*, 17 Mass. 43; *Root* v. *French*, 13 Wend. 572; *Sanford* v. *Handy*,

23 id. 268; *Argersinger* v. *McNaughton*, 24 N. Y. S. R. 20.) To bind a principal the authority of the agent must be proved, and it is incumbent on defendant to show that Boswell had authority to borrow money. (*Snook* v. *Lord*, 56 N. Y. 605; *Marvin* v. *Wilber*, 52 id. 270; *Eaton* v. *D., L. & W. R. R. Co.*, 57 id. 390; *H. S. M. Co.* v. *Farrington*, 82 id. 127; *Budd* v. *Monroe*, 18 Hun, 317; *Griswold* v. *Haven*, 25 N. Y. 599; *O'Laughlin* v. *Hammond*, 21 N. Y. S. R. 647; *Briggs* v. *Davis*, 20 N. Y. 15; 16 id. 134; *Swarthout* v. *Curtis*, 5 id. 301; *Moore* v. *L. & T. Co.*, 115 id. 65.) Defendant was bound to inquire into the authority of Boswell and must be presumed to know the limitations of the agent's authority. (*Crane* v. *Evans*, 1 N. Y. S. R. 217; *Argersinger* v. *McNaughton*, 24 id. 16.) Trust funds can always be recovered, unless against a *bona fide* purchaser for consideration without notice. (*Weaver* v. *Barden*, 49 N. Y. 286; *Wetmore* v. *Porter*, 92 id. 81; 91 id. 324; *Van Allen* v. *A. N. Bank*, 52 id. 1; *Stephens* v. *Board of Education*, 79 id. 186; *Smith* v. *Bank of Commonwealth*, 56 id. 478–484; *Pierson* v. *McCurdy*, 33 Hun, 530; 100 N. Y. 608; *James* v. *Cowing*, 82 id. 449; *Folkland* v. *S. N. Bank*, 84 id. 145; *Baker* v. *N. E. Bank*, 19 Abb. [N. C.] 458; *A. N. Bank* v. *F. N. Bank*, 46 N. Y. 82; *N. Bank* v. *Ins. Co.*, 104 U. S. 517; *Duncan* v. *Jaudon*, 15 Wall. 175; *Shaw* v. *Spencer*, 100 Mass. 389.)

FOLLETT, Ch. J.   The evidence was abundant to authorize the jury to find that the amount standing to the credit of " William Boswell, Agt. Glass Buildings," in the Corn Exchange Bank belonged to the plaintiffs, and that by means of the check the sum represented by it was, by the fraud of Boswell, withdrawn from the account and paid to and received by the defendant.

The remaining question is whether the evidence authorized the court to submit to the jury the question of good faith, or was sufficient to authorize the jury to find that the defendant had notice that the check was drawn against an account not owned by Boswell.

The defendant testified, and his evidence was not disputed, that he received the check from Boswell in payment of $500, loaned August 31, 1882, and at the same time surrendered securities pledged as collateral to the loan. He was a holder of the check and of the money received by it, for value. The defendant also testified that he took the check in good faith, and there is nothing in the case which tends to raise any question about his personal good faith except that he received a check from Boswell in payment of his individual debt, signed " William Boswell, Agt. Glass Buildings," without inquiry as to the right of Boswell to so use the fund. The learned counsel for the appellants cites *Ford* v. *Union National Bank* (13 N. Y. W. Dig. 352; aff'd, 88 N. Y. 672), as decisive of the case at bar. That case arose out of the following facts: An account was kept by " C. F. Norton, Agt.," with the defendant bank, whose cashier knew that it belonged to some principal whose name was to him unknown, for whom Norton was acting as agent, Norton being indebted to the bank, drew his check signed " C. F. Norton, Agt.," in its favor on this account for $1,000. The check was charged to the account and the sum represented by it applied on Norton's debt. When Norton's principal learned of this misappropriation he sued the bank and recovered a judgment for the sum on a trial before the court without a jury, which was reversed by the General Term and a new trial granted. On an appeal from the order it was affirmed by the Court of Appeals, without an opinion and without making any reference to the opinion of the court below. (88 N. Y. 672.) The learned General Term correctly stated the abstract rule: " That to entitle a principal to recover his money wrongfully paid by his agent upon the agent's debt, the person receiving the money must have known that the agent was acting in violation of his authority." But the court overlooked the rule that a person who knowingly receives the money or property of a principal from an agent in payment of the latter's debt, does so at his peril; and if the agent acted without authority, the principal may, on proof of these facts, recover his money. (*National Bank* v. *Insurance Company*, 104 U. S.

54, and the cases there cited; *Wright* v. *Cabot*, 89 N. Y. 570 ;. *Baker* v. *N. Y. National Exchange Bank*, 16 Abb. [N. C.] 458.) Story states the rule as follows: " Thus, a person dealing with a factor or broker is bound to know that, by law, a factor or broker, although a general agent, is not clothed with authority to pledge, deposit or transfer the property of his principal for his own debt; and if he receives such a deposit or pledge, the title is invalid, and the property may be reclaimed by the principal." (Story's Agency, § 225.) The affirmance of the order by the Court of Appeals in *Ford's* case, there being exceptions in the record, cannot be regarded as an approval of the opinion of the General Term, as applied to the facts of that case.

It is a legal though a rebuttable presumption, that one who holds money or property as agent, trustee, executor, administrator, guardian or partner, has no authority to dispose of it in payment of his own debt.

This brings us to the question whether the form of the check was sufficient to put the defendant upon inquiry as to the authority of Boswell to use the money in payment of his debt.

A certificate for shares of stock running to " A. B., trustee," or to " A. B. in trust," without disclosing the names of the beneficiaries or the particulars of the trust, is notice to a purchaser of the shares that " A. B." does not hold them in his own right, but as a trustee. (*Sturtevant* v. *Jaques*, 96 Mass. [14 Allen] 523 ; *Shaw* v. *Spencer*, 100 Mass. 382 ; *Budd* v. *Munroe*, 18 Hun, 316 ; *Gaston* v. *American Exchange Natl. Bank*, 29 N. J. Eq. 98 ; Perry on Trusts, §§ 225, 814 ; Lowell Trans. Stock, § 69 ; Mor. Corp. [2d ed.] §§ 181–184 ; Cook S. & S. § 325.) In *Fellows* v. *Longyor* (91 N. Y. 331), it was said: " The words ' guardian, etc.,' in the securities in question operated as notice to the defendant Longyor of the rights of the wards, of whom Downer was guardian." In California it is held that a certificate for shares running to " A. B., trustee," without disclosing the beneficiaries, or the particulars of the trust, is not sufficient to put a proposed pur-

chaser upon inquiry. (*Brewster* v. *Sime*, 42 Cal. 139; *Thompson* v. *Toland*, 48 id. 99.) The two cases last cited are not in accordance with the current of authority, and do not, as we think, lay down a rule best adapted to protect the interests of owners, as well as dealers in such securities. The check gave the defendant notice that William Boswell did not assume to be the beneficial owner of the account against which he drew, but that he held it as agent, and also as agent for the Glass Buildings. Had he signed as agent for Sarah M. Gerard and others, owners of "Glass Buildings," the efficiency of the notice that the drawer of the check was not the owner of the fund against which it was drawn, could not be questioned under any well-considered authority. We think that the form of the signature to the check was sufficient to put the payee on inquiry as to the right of the agent to pay his personal debt out of the fund. The buildings and the bank were both well known, were in the same city and very near to the place where the check was received by the defendant, and had an inquiry been made at the bank or at the buildings, it would have been ascertained that the account was held by William Boswell, not as owner, but as agent for these plaintiffs.

In case a person having notice that money or property is held by another in a fiduciary capacity, receives it without inquiry from the agent, in satisfaction of his personal debt, the sum or property so received may be recovered by the true owner, unless the agent was authorized to so dispose of it. The court did not err in refusing to nonsuit, or in submitting the case to the jury.

None of the exceptions to the admission or exclusion of evidence require consideration.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.