(7 Misc. Rep. 509.)

### AMERICAN PRESERVERS CO. v. COLUMBIA INV. CO.

(Superior Court of Buffalo, Trial Term. March, 1894.)

TRUSTS—FOLLOWING TRUST FUNDS.

Where defendant receives a check, signed in the name of plaintiff by plaintiff's general manager, in payment of property sold to the general manager, defendant is chargeable with notice of the character of the transaction, and, having obtained payment of the check at bank, is liable to plaintiff for the amount, though the general manager obtained a loan from the bank by pledging the property purchased, and deposited the loan to the credit of plaintiff, to which he was indebted for moneys misappropriated.

Action by the American Preservers Company against the Columbia Investment Company. A verdict was rendered in favor of plaintiff, and defendant moves for a new trial. Denied.

Plaintiff's general manager purchased of defendant certain shares of its stock, and gave for the price plaintiff's check, on the face of which was printed, in large letters, "American Preservers Company," and at the bottom again the words "American Preservers Company, per," followed by a blank for the signature, after which was printed "Manager." Defendant took the check, deposited it in its bank for collection, and the same was subsequently paid upon presentation. Upon receiving the certificates of stock, Tomes took them to the bank in which plaintiff kept its account, and applied for a loan of an amount equal to the check. The loan was made upon Tomes giving his individual note, and attaching thereto the stock as collateral security. The bank then issued to Tomes a transcript discount check or draft representing the amount secured by the note, less the discount. Tomes immediately deposited this check in the bank, and caused the proceeds to be passed to the credit of plaintiff's account. This transaction made the account of plaintiff good for the check held by defendant, less the amount of the discount, but there was sufficient money in the account with this deposit to more than equal

the sum represented by the check, which was paid therefrom upon presentation. Defendant had no knowledge of the disposition of stock by Tomes, or how the account was made good upon which the check was drawn. At the time of this transaction Tomes was largely indebted to plaintiff for moneys misappropriated by him, exceeding very largely the proceeds of his note. Subsequently Tomes absconded, and plaintiff, learning of the check and its payment, demanded the return of the money. This being refused, it brought this action to recover the amount thereof. At the close of the proof, the court directed a verdict for plaintiff for the sum represented by the check, with interest.

Simon Fleischman, for plaintiff.
N. W. Norton, for defendant.

HATCH, J. The transaction between Tomes and defendant was an individual transaction, entirely independent of any business carried on by plaintiff, or of any matter which Tomes, as general manager, was authorized to do for it. Of this fact defendant was advised, or could have been so advised, if it had made inquiry. Making no inquiry, it stood chargeable with all the knowledge it would have obtained had it done so. When it took the check it knew that it was not Tomes' check, but the check of plaintiff, for it so read. Consequently, it took it at its peril, and became liable to plaintiff therefor for its proceeds. Gerard v. McCormick, 130 N. Y. 261, 29 N. E. 115. Defendant does not contend against this result; but it claims that as Tomes, by means of its property, raised the money to meet the check, and placed it in plaintiff's account, it has suffered nothing by Tomes' act, save a small sum represented by the discount, which defendant offers to pay; and that, as the transaction can be definitely and accurately traced, and the equities of the parties perfectly adjusted, no recovery should be had beyond the difference in the deposit and the amount of the check. As before observed, the transaction with Tomes was with him as an individual. Defendant sold him the stock, and with full knowledge took plaintiff's check in payment therefor. As to the plaintiff or any other person, Tomes could sell and convey good title to the stock, which defendant could not question. When Tomes took the stock to the bank, and gave his note, that was his individual transaction with the bank, and was so understood by both parties to it. Tomes might do with that money many things. He could purchase other property with it, he could pay the check of plaintiff with it, or he could pay any pre-existing debt, and defendant could not complain, nor could it follow that money, although able to trace the transaction. At this time Tomes was largely indebted to plaintiff, and it was competent for him to pay that indebtedness. Had he sent the money by express or otherwise to plaintiff's head office, there can be no doubt but that plaintiff would have obtained good title thereto, and could have applied it upon his existing indebtedness. If paid to them at any other place or manner, a like result would be reached. When placed in plaintiff's account, it became impressed with a trust in plaintiff's favor, and was payment to it as fully and completely as though the money had been handed to plaintiff's president. The title then passed to plaintiff, and it

could not be divested of it except through some one of its authorized channels. Neither the bank nor any other person could take it, although, before drawn out, all the facts were known. It was applied in payment of the check, but this check represented the individual debt of Tomes, and consequently it was a misappropriation of plaintiff's moneys to apply them thereon. It is believed that the authorities support the views here expressed. In Justh v. Bank, 56 N. Y. 484, it was said:

"In the absence of trust or agency, I take the rule to be that it is only to the extent of the interest remaining in the party committing the fraud that money can be followed as against an innocent party having a lawful title founded upon consideration; and that, if it has been paid in the ordinary course of business, either upon a new consideration or for an existing debt, the right of the party to follow the money is gone."

In the present case there was no trust or agency. As we have seen, Tomes did not assume to represent plaintiff in any one of the transactions or in any matter of detail connected therewith, and each person who dealt with him had knowledge of such fact. When the money went into plaintiff's account, it became instantly the plaintiff's money. Tomes had no interest therein, and it was only his interest that defendant could reach. Stephens v. Board, 79 N. Y. 183; Van Alen v. Bank, 52 N. Y. 1; Gerard v. McCormick (Com. Pl. N. Y.) 8 N. Y. Supp. 860. The rule here laid down in no wise conflicts with the law, long established, that a defrauded vendor of goods may pursue and retake the goods as against every person except a bona fide purchaser parting with present value. Such are the cases relied on by defendant. They are without application, for the reason that the property sold in the present case is not the subject of pursuit. That was pledged by Tomes, and disposed of by the bank, and he received the money on his note, and paid a debt he owed, and the creditor received it with no notice of its source or of the fraud practiced by Tomes. The distinction is very clearly pointed out in Stephens v. Board, 79 N. Y. 183.

Nor do I think defendant has an equitable defense. When it parted with its property it had full notice of the character of the transaction. It chose to receive plaintiff's check, and thereby invested Tomes with control and dominion over the property. It was not influenced in anything it did by what Tomes subsequently did with the property, for of that disposition it had no notice until some time subsequent to the payment of the check. There was, therefore, nothing in the whole transaction which influenced its action. It was simply a sale of stock, for which it took plaintiff's check for Tomes' debt, and it elected to do so with complete knowledge of its character. The case, therefore, lacks any equitable features available to defendant. The result is that the money which paid this check was plaintiff's money, for which it is entitled to judgment. The motion for a new trial is denied, and judgment is ordered for plaintiff on the verdict, with costs.