Charles F. Huie, Respondent, *v.* Henry Allen and Edward L. Norton, Appellants.

*Use of checks of a corporation to pay an officer's individual debt — notice to the party receiving them — burden of proof.*

The manager of a foreign corporation, having extensive powers in regard to its business, and particularly in regard to its banking business, speculated in wheat upon his own account, and paid his losses to his brokers with blank checks of the company headed "American Preservers Company," which he filled out and signed "American Preservers Co., Charles F. Tomes, Manager."

The business of the corporation was to make jellies and fruit preserves.

In an action brought by the corporation to recover these moneys from the brokers, *Held*, that the manager had no authority to draw or deliver the checks, and that the brokers knew or, upon the facts, were chargeable with notice that the acts of the manager were not within the real or apparent scope of his agency;

That while, as against the bank, the corporation would be estopped to deny the validity of the checks, no estoppel existed in favor of the brokers:

That if there was anything to take the case out of the general rule in such matters, as, for example, an indebtedness from the corporation to the manager for salary, and for which it might be assumed that the checks were drawn, the onus was upon the brokers to prove that the checks were based upon such an indebtedness.

APPEAL by the defendants, Henry Allen and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 4th day of June, 1894, upon the verdict of a jury rendered by direction of the court after a trial at the Erie Circuit.

The American Preservers Company was a foreign corporation engaged in manufacturing and selling fruit preserves and jellies, and had never engaged in the purchase or sale of grain or stocks, or options upon the same.

*Frank Brundage*, for the appellants.

*Simon Fleischmann*, for the respondent.

BRADLEY, J. :

The subject of the action is a claim assigned by the American Preservers Company to the plaintiff for a sum of money alleged to have been drawn by the defendants from the funds with which that company had credit in the Manufacturers and Traders' Bank of Buffalo, N. Y.

The money was drawn from the bank upon the checks purporting to have been made by one Charles F. Tomes as manager of that company. Tomes then was the business manager of the Buffalo branch of that company, having quite general powers in conducting that branch of its business. He was authorized as such manager to indorse for deposit, collection or discount notes, drafts or checks, to deposit in the bank moneys which came to his hands and to draw checks against the funds so deposited. The defendants, constituting the firm of Henry Allen & Co., having an office in Buffalo, were stockbrokers engaged in the business of buying and selling stocks on the New York Stock Exchange, of which they were members, and in buying and selling grain in Chicago on the Chicago Board of Trade, of which they were also members.

In June, 1892, Tomes became a customer of the defendants, and they in that month bought and sold wheat in the Chicago market on his account. When a transaction for him was opened by a purchase it was followed by a sale, and when opened by a sale a purchase followed to supply the requirement of the sale, and to ascertain a balance, if any, arising from the deal. The balances

resulting from the transactions were against Tomes. They were covered by three checks drawn on such bank by him. The company's blank checks were used. They were headed "American Preservers Company," and signed "American Preservers Co., Charles F. Tomes, Manager." They were payable to the order of Henry Allen & Co., and their amounts, $500, $512.50, $500. The checks were indorsed, and the amounts of them drawn by the defendants' firm and charged by the bank to the account of the American Preservers Company.

Those transactions with the defendants were throughout the individual affairs of Tomes, solely on his account, and were outside of the business of the company. He, therefore, had no authority to draw and deliver those checks to the defendants.

It is urged on their part that as it was within his power to draw checks in that manner upon the bank account of the principal, the latter is estopped from asserting his want of authority to issue those in question. It is true that the company would be so estopped as against the bank, but as against the defendants it is otherwise. They were chargeable with notice of the general nature of his agency, real or apparent. If the checks had been made under circumstances apparently within the scope of his power as such manager, and had been taken in good faith for value by a person not chargeable with notice to the contrary, the fact that he had no authority to issue them by reason of some extrinsic fact peculiarly within his knowledge, his principal would have been estopped from making available to the prejudice of the party so taking them the falsity of the fact upon which the right to make the checks depended. (*N. Y. & N. H. R. R. Co.* v. *Schuyler*, 34 N. Y. 30; *Bank of Batavia* v. *N. Y., L. E. & W. R. R. Co.*, 33 Hun, 589; 106 N. Y. 195; *Bank of New York Nat. B. Assn.* v. *A. D. & T. Co.*, 143 id. 559.)

The bank was at liberty to rely upon the representation furnished by the import of the checks that they were issued by Tomes pursuant to his authority as manager of the company for which they purported to have been drawn. But the defendants knew, or were chargeable with notice, that they were made in transactions with Tomes on his own account and did not relate to the business of his company, and, therefore, that it was not within his power to draw

them for the purposes for which they were issued and taken. (*Gerard* v. *McCormick,* 130 N. Y. 261.) In the view taken of the case as presented by the evidence, none of the authorities cited by the defendants' counsel have any essential application in support of the defense. In *Goshen Nat. Bank v. State of New York* (141 N. Y. 379) it seems to have been within the powers of the cashier who drew the draft there in question of his bank on its corresponding bank to draw drafts for himself on the same terms as in due course of business he drew drafts for others. And it was held that the Comptroller received the draft in good faith.

We are unable to adopt the suggestion that it was for the plaintiff to prove that nothing was due from the company to Tomes on account of his salary. When it appeared that the checks were drawn by him and taken by the defendants in transactions known to the latter not to be within the scope of his agency, they were charged *prima facie* with liability, and if any fact existed to take the case out of the operation of the general rule and in support of the defense the onus was with the defendants to prove it.

The conclusion is that the verdict was properly directed for the plaintiff.

The judgment should, therefore, be affirmed.

DWIGHT, P. J., LEWIS and WARD, JJ., concurred.

Judgment affirmed.