### MASTER v. BOWERY SAV. BANK.

#### (City Court of New York, General Term. April 5, 1900.)

SAVINGS BANKS—INTERPLEADER—ACTION ON DRAFT.
    Laws 1892, c. 689, § 115, provides that in actions against a savings bank by a depositor, where any person not a party claims the money, the bank may pay it into court, and have the claimant substituted as defendant. Laws 1897, c. 612, §§ 211, 325, provide that a draft does not constitute a legal or equitable assignment of the fund drawn upon. Code Civ. Proc. § 820, provides that a defendant, against whom an action on a contract or to recover a chattel is brought, may have a person who demands the same thing substituted as defendant. *Held,* that a savings bank could not pay the amount of a draft on which it was sued into court, and have a claimant of the fund substituted as defendant, as the action was not by a depositor, and was not on a contract with the bank, or to recover a chattel.

Appeal from special term.

Action by Joseph W. Master against the Bowery Savings Bank. From an order denying defendant's motion for leave to pay the amount of the draft into court, and to substitute Mandelbert Canfield, a claimant thereof, as defendant, it appeals. Affirmed.

Argued before McCARTHY and O'DWYER, JJ.

Henry Crofut White, for appellant.

Frank H. Cothren, for respondent Canfield.

O'DWYER, J. The defendant asked "that it be allowed to pay into court the funds, the subject of this action, and that thereupon the respondent Mandelbert Canfield, a claimant of the said fund, be substituted in defendant's place as a party defendant, and that it be struck out as a party defendant herein, and freed from all liability to either of the respondents on account of the said sum." Application for such relief was made by the defendant under the provisions of the banking law and of the Code of Civil Procedure.

Section 115, c. 689, Laws 1892 (the banking law), provides that:

"In all actions against any savings bank to recover for moneys on deposit therewith if there be any person or persons, not parties to the action who claim the same fund, the court in which the action is pending may upon the petition of such savings bank  *  *  *  make an order amending the proceedings in the action by making such claimants parties defendant thereto  *  *  * and the funds on deposit which are the subject of the action may remain with such savings bank  *  *  *  or the deposit in controversy may be paid into court to await the final determination of the action; and when so paid into court the corporation shall be stricken out as a party defendant in such action and its liability for such deposit shall cease."

The defendant now insists that it was clearly intended by this statute to enlarge the rights of savings banks by granting this relief in all actions. In this contention we cannot concur, inasmuch as the statute has limited, by clear and concise language, the relief to actions to recover for moneys on deposit with the bank. From an examination of the complaint, it appears that the plaintiff in this action does not claim that he is entitled to any moneys on deposit in the defendant's bank. The action is on a draft, presumably on the theory that a bank is liable to the drawee of a draft before acceptance. The defendant is under no obligation to the holder of a draft to pay the same, and the drawing of a draft or check does not operate as an assignment, equitable or legal, of the funds in the hands of the drawee. Sections 211, 325, c. 612, Laws 1897. These provisions of law apply to a draft drawn upon a savings bank, as well as to a drawee of any other character. Nor can the relief sought be had under section 820 of the Code of Civil Procedure, inasmuch as there is no property in dispute, nor is there any contractual relation between the plaintiff and the defendant.

The complaint is demurrable. The order appealed from is right, and should be affirmed, with $10 costs and disbursements.

McCARTHY, J., concurs.