E. MOCH COMPANY, Respondent, *v.* THE SECURITY BANK OF NEW YORK, Appellant. (Actions Nos. 1 and 2 as consolidated.)

First Department, February 9, 1917.

Bills and notes — conversion by president of corporation of checks payable to its order — when bank crediting such checks to individual account of president liable to corporation — when plaintiff may recover either for conversion or on implied contract — waiver of tort — pleading — duty of bank to make inquiry as to authority of depositor — corporations — ratification of unauthorized act of officer.

Where the president of a business corporation, without authority and contrary to a clause of the certificate of incorporation by which the treasurer was the only person authorized to indorse negotiable paper for deposit, indorsed checks payable to the corporation in the corporate name, followed by his own personal indorsement, and deposited the checks with the defendant bank to his own credit, and the defendant allowed said president to withdraw the proceeds on his personal check, having made no inquiry whatever, it is liable to the corporation for the

resulting loss, there being no representation by the corporation concerning the president's authority by which the bank was misled so that no estoppel against the corporation exists.

Under the circumstances, the defendant may, at the election of the plaintiff, be held either in conversion for the value of the checks, or for the proceeds thereof as money had and received, if the complaint contains the necessary averments to sustain the action in either form.

It is only important to determine whether the action is in tort for conversion, or for money had and received, where it is brought against an individual who would be subject to a body execution, if the complaint sounds in tort.

Even if such action be deemed one for money had and received, and even if the plaintiff has waived the tort, it may still complain that the acts of its president were without authority and that no title to the checks or the proceeds thereof passed to the bank.

Where the plaintiff's president had no authority to indorse the checks, the defendant bank was chargeable with notice that the indorsements were in his handwriting and was bound at its peril to inquire with respect to his authority to indorse and to deposit the checks to his individual credit.

A misappropriation of the funds of a corporation cannot be ratified as against the rights of creditors by the stockholders of the corporation.

SCOTT, J., and CLARKE, P. J., dissented, with opinion.

APPEAL by the defendant, The Security Bank of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 22d day of May, 1916, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 26th day of May, 1916, denying the defendant's motion for a new trial made upon the minutes.

*Burt D. Whedon* of counsel, *Herman B. Goodstein*, attorney [*Leo Oppenheimer* and *Thomas J. Kavanagh* with them on the brief], for the appellant.

*William Bondy*, for the respondent.

LAUGHLIN, J.:

The plaintiff is a business corporation, duly organized under the laws of the State of New York in the year 1900, engaged in manufacturing and selling ostrich feathers. In the course of its business, between the 7th day of January, 1907, and the 7th day of October, 1909, it received from different customers twenty checks, payable to its order, which its president, Eugene

First Department, February, 1917.    [Vol. 176.

Moch, without authority, appropriated to his own use by indorsing in his own handwriting thereon the corporate name of the plaintiff and his name underneath the same, and by depositing them to the credit of his individual account with the Fourteenth Street Bank, of which the defendant is the successor. The Fourteenth Street Bank collected the checks from the banks on which they were drawn and allowed the proceeds thereof to be withdrawn on the personal checks of Moch. The plaintiff at all the times in question had an account in another bank in the city of New York, but at no time had an account in the Fourteenth Street Bank.

By the certificate of incorporation of the plaintiff its treasurer *only* was authorized to indorse for deposit or collection notes, bills, drafts and checks received in the business of the company or belonging to it; and it was therein provided that no officer or agent of the company should have the power to make, indorse or accept in the name of or in behalf of the company any notes, bills of exchange, drafts or other instruments for the payment of money unless specifically authorized by a vote of the board of directors, "or unless such note, bill, check, draft or instrument be signed by the Treasurer and countersigned by the President."

There is no evidence that any representations other than those appearing by said indorsements on the checks were made by Moch to the bank; and it was stipulated that neither the bank nor any one in its behalf made any inquiry of the plaintiff or of any one acting in its behalf prior to the commencement of the action. No evidence was offered by the defendant with respect to the circumstances attending its receipt and collection of any of these checks or with respect to the prior dealings between Moch and the bank or as to whether it in fact knew that the checks were payable to a corporation.

The action is brought to recover the amount of the checks so received by the bank from Moch and collected and deposited to the credit of his account and paid out on his checks.

On a former trial of the action the plaintiff recovered and the defendant appealed to this court. There were three opinions written on that appeal (166 App. Div. 121), *but the only point decided* was that the trial court erred in excluding evi-

dence offered by the defendant, and on that ground the judgment was reversed and a new trial ordered; two of the members of the court, however, dissenting and voting for affirmance.  In the opinion written for reversal by Presiding Justice INGRAHAM, which was concurred in by Mr. Justice McLAUGHLIN, the complaint was analyzed and the view expressed that the action was for money had and received, but the majority of the court expressed no opinion on that point.  At that time the complaint contained no allegations that the indorsements of the checks and their collection were not authorized.  It proceeded upon the theory that the defendant was liable for the *proceeds* of the checks which it had lawfully received but which were paid out to Moch individually.  On that point Presiding Justice INGRAHAM said: " The judgment, therefore, demanded is the recovery from the defendant of the proceeds of these checks.  There is no allegation that defendant converted the check, or without authority collected it.  The cause of action is based upon the fact that defendant collected the check belonging to the plaintiff and paid the proceeds thereof to Moch, instead of to the plaintiff, although defendant had notice of such facts as should have put it upon inquiry that the proceeds belonged to the plaintiff and not to Eugene Moch individually.  The plaintiff, therefore, demands judgment against the defendant for the proceeds of the check in its hands, which it had paid to Eugene Moch personally and not to the plaintiff. "  It thus appears that the discussion of the case by Presiding Justice INGRAHAM proceeded on the theory that the indorsement and collection of the checks was authorized; and in that view the case depended upon the duty of the bank with respect to allowing the proceeds of the checks to be withdrawn by Moch on his individual checks.  After the reversal by this court each count of the complaint was amended by alleging that the indorsement of the corporate name of the plaintiff in each instance was made by Moch without authority.  We are informed by the appellant's points that the attorney for the plaintiff stated in the affidavit on which these amendments were granted that they would not materially change the cause of action; but the amendments were allowed, and the effect thereof is a matter for judicial construction.

The uncontroverted evidence is in accordance with the allegations of the complaint, that the checks were indorsed, so deposited to Moch's credit, collected, and the proceeds paid out without authority; and since there was no representation by the corporation concerning Moch's authority by which the bank was misled or the plaintiff is estopped from claiming ownership, no title passed, and the bank, in receiving and exercising dominion over the checks by parting with them and collecting the proceeds, converted the checks and became liable to the plaintiff at its election, either in conversion for the value of the checks or for the proceeds thereof as for money had and received without regard to any question of good faith, or of notice or knowledge or duty of inquiry, notwithstanding the fact that it may have parted with the money in good faith and in the belief that Moch was authorized to indorse the checks and to receive the proceeds. (*Robinson* v. *Chemical National Bank*, 86 N. Y. 404; *Comstock* v. *Hier*, 73 id. 269; *Porges* v. *U. S. Mortgage & Trust Co.*, 203 id. 181; *Silver* v. *Krellman*, 89 App. Div. 363; *Talbot* v. *Bank of Rochester*, 1 Hill, 295; *Burstein* v. *People's Trust Co.*, 143 App. Div. 165; *Schmidt* v. *Garfield National Bank*, 64 Hun, 298; affd., 138 N. Y. 631. See, also, *Gerard* v. *McCormick*, 130 N. Y. 261; *Cobb* v. *Dows*, 10 id. 335.)

In the case at bar the damages recoverable would be precisely the same whether the action be in conversion or for money had and received, as the value of the checks has been shown by the collections to have been their face value; and in *Comstock* v. *Hier* (*supra*) it was held that where the complaint contains " the necessary averments to sustain the action in either form " a recovery may be sustained on either theory. I am of opinion, however, that the complaint as it now stands still indicates that the action is brought on the theory of money had and received; but as I view it that is not material, so far as any question presented by this appeal is concerned, for in the case at bar the same facts which would authorize the action for conversion, namely, that the checks were indorsed without authority, authorize a recovery of the proceeds. The learned counsel for the appellant argues that it is important to determine the nature of the action, for the reason that if it be for money had

Moch Co. *v.* Security Bank. Nos. 1 & 2. 847

App. Div.]     First Department, February, 1917.

and received that would necessarily be predicated upon a *ratification* of the indorsements of the checks upon the strength of which the money was collected. I am of opinion that that reasoning is fallacious. If the action were against an individual who would be subject to an order of arrest and body execution it would become necessary to decide whether the complaint sounds in tort or is on the contract implied by law; but no such question arises on this appeal. The plaintiff had an election of remedies, and if it elected to waive its remedy for the conversion and to recover for the proceeds of the checks as for money had and received, that would have been an irrevocable election, and it would have been confined to the remedy which it thus elected to prosecute. This is what is meant by the opinions of the courts, in which it is stated that by the election the tort is ratified. If the plaintiff ratified the conversion it would be out of court, for that would carry with it a ratification of all that was done, down at least to the time of collection of the checks, including the right of Moch to deposit the checks to the credit of his individual account, for it is to be inferred that such was the condition upon which he assumed to authorize the bank to collect them; and if he had that right there would be no basis for a recovery, for there is no evidence that the bank had notice that he intended to appropriate the moneys to his individual use other than was shown by the indorsement of the checks and the deposit thereof to the credit of his individual account. There is no evidence to show to whose order the checks on that account were subsequently drawn.

If the action be deemed one for money had and received the plaintiff has abandoned any right to a remedy in conversion, as such; but it is not foreclosed from still complaining *for the purposes of this action* that the acts of Moch were without authority, and that no title either to the checks or to the proceeds thereof passed to the bank. By waiving the remedy in conversion plaintiff does not, so far as this defendant is concerned, admit that it obtained good title to the checks. It may still claim that defendant did not have title, but that instead of seeking to recover for the value of the checks it elects to recover what defendant collected on them. The plaintiff bases the action upon the ground that neither Moch nor

the bank obtained title. to the checks, and, therefore, the moneys received by the bank on collecting the checks belong to it; and that the law implies a promise on the part of the defendant to account and pay the same over to it. (See *Roberts* v. *Ely,* 113 N. Y. 128.)

Neither the decisions relating to trust funds where an account with a bank is properly opened by a fiduciary, as such, or individually when he has the legal title, in which it is held that no duty devolves upon the bank to inquire for what purpose the checks drawn against the account are to be used until it has *adequate* notice of a misappropriation by the beneficiary (See *Bischoff* v. *Yorkville Bank,* 218 N. Y. 106; *Fidelity & Deposit Co.* v. *Queens County Trust Co.,* 174 App. Div. 160; *Town of Eastchester* v. *Mount Vernon Trust Co.,* 173 id. 482; *Wickenheiser* v. *Colonial Bank,* 168 id. 329); nor those relating to the diversion or misappropriation by a corporate officer or by an agent, of a check lawfully drawn or lawfully indorsed, and involving notice or duty of inquiry with respect to the right of the officer or agent to use the check as his own (See *Rochester & C.. T. R. Co.* v. *Pariour,* 164 N. Y. 281; *Gerard* v. *McCormick, supra; Wilson* v. *M. E. R. Co.,* 120 N. Y. 145; *Cheever* v. *Pittsburgh, etc., R. R. Co.,* 150 id. 59; *Ward* v. *City Trust Co.,* 192 id. 61; *Porges* v. *U. S. Mortgage & Trust Co., supra; Havana Central R. R. Co.* v. *Knickerbocker Trust Co.,* 198 N. Y. 422; *Niagara Woolen Co.* v. *Pacific Bank,* 141 App. Div. 265; see, also, *Newman* v. *Newman,* 160 id. 331) have any application. Here Moch had no authority to indorse the checks for the corporation, and the bank was chargeable with notice that the indorsements were in his handwriting and was bound at its peril to inquire with respect to his authority to indorse the checks and to deposit them to his credit individually and having failed to do so it is chargeable with knowledge of the facts which presumably would have been disclosed on proper inquiry. (*Niagara Woolen Co.* v. *Pacific Bank, supra,* 265, 268, 271; *Havana Central R. R. Co.* v. *Knickerbocker Trust Co.,* 135 App. Div. 313, 316; revd., but on another point, 198 N. Y. 432.)

There is no merit in the claim that the evidence, which was excluded on the former trial and received on this, shows a compromise or settlement of the cause of action, or a ratifica-

Moch Co. v. Security Bank. Nos. 1 & 2.     849

App. Div.]          First Department, February, 1917.

tion by the plaintiff of Moch's acts in the premises.   The plaintiff was not a party to the alleged compromise nor was it made even by all the stockholders of the plaintiff.   The alleged ratification and compromise consist of transactions between Moch individually, who was the principal stockholder, and a firm which was the principal creditor of the plaintiff, but it appears that there were other creditors and other stockholders.   It is well settled that a misappropriation of the funds of a corporation cannot be ratified as against the rights of creditors by all the stockholders of the corporation, and that no such ratification, even by all but one of the stockholders, would be binding upon the corporation itself.   (*Continental Securities Co.* v. *Belmont*, 206 N. Y. 7, 18; *Pollitz* v. *Wabash R. R. Co.*, 207 id. 113, 127; *Ward* v. *City Trust Co., supra.*)

It follows, therefore, that the judgment should be affirmed, with costs.

Dowling and Smith, JJ., concurred· Clarke, P. J., and Scott, J., dissented.

Scott, J. (dissenting):

I dissent for the reasons given by me for dissenting from the decision of this court in *Niagara Woolen Company* v. *Pacific Bank* (141 App. Div. 265, 271), and much more forcefully and elaborately stated by Mr. Justice Thomas in *Town of Eastchester* v. *Mount Vernon Trust Co.* (173 id. 482).   If it be considered that plaintiff has, by its amended complaint, successfully stated a cause of action in conversion, then the defendant and E. Moch were joint tort feasors and I think a question was presented for the jury as to whether or not the E. Moch Company had not compromised with and released E. Moch, and thereby released the defendant.   The E. Moch Company was a small affair and originally E. Moch was the only stockholder; afterwards I. Salaman & Co. owned all the stock.   No one except these two owned any of the stock, save two shares, issued to employees merely to qualify them to act as directors.   If a tort was committed, E. Moch participated in it, and must be held to have authorized it.   After the fraud had been discovered I. Salaman & Co. came to a settlement with E.

Moch, by which they took everything he had, including his life insurance policies, refrained from prosecuting him, and kept him at the head of the business of E. Moch & Co. Although no formal release was executed, I think that a jury would have been justified in finding that the intent and purpose of this settlement was to release E. Moch from liability for his tort. There is ample authority for the proposition that the stockholders of a corporation, being the equitable owners of the corporation property, and knowing all the facts, may ratify an unauthorized act of an officer and release him from liability therefor. (*Martin* v. *N. F. P. Mfg. Co.*, 122 N. Y. 165; *Goss & Co.* v. *Goss, No. 2,* 147 App. Div. 698.) It is to be noted that this is not a creditor's action, or one for the benefit of creditors as such, but one in behalf of the corporation. If the corporation by the act of the holders of its entire capital stock has settled with one joint tort feasor and released him from liability on account of the tort, that release will inure to the benefit of his joint tort feasor.

In my opinion the judgment should be reversed and a new trial ordered.

CLARKE, P. J., concurred.

Judgment affirmed, with costs.