OSCAR J. HEIG, as Trustee, etc., Appellant, *v.* ALFRED H. CASPARY, Respondent.

First Department, April 30, 1920.

Corporations — bills and notes — payment of individual debt by treasurer of corporation with checks against its funds — duty of defendant accepting such checks to make inquiry — action by trustee in bankruptcy of corporation — conversion.

Where the treasurer of a corporation was authorized to sign checks in its name against its funds for the purposes of its business, and in violation of his trust drew checks signed by himself as treasurer, with the name of the corporation where the name of the bank is ordinarily found and with the name of the bank in the margin, making the same payable to the order of the defendant, a stockbroker, who accepted them in payment of the treasurer's individual speculative account, which checks were in fact paid from the corporation's deposit, the defendant, owing to the nature of the transaction, was put upon inquiry as to the authority of the treasurer to draw such checks in payment of his own indebtedness and, where it appears that the defendant made no effort whatever to inquire as to the treasurer's authority, he is liable in a suit by a trustee in bankruptcy of the corporation, and a judgment dismissing the complaint on the merits should be reversed and a new trial ordered.

The question of whether or not the rights of creditors were involved was wholly immaterial to the maintenance of the action, because the unauthorized act of the treasurer was a fraud upon the corporation constituting a conversion of its assets for which it was in a position to maintain an action regardless of rights of creditors.

APPEAL by the plaintiff, Oscar J. Heig, as trustee, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York

on the 29th day of May, 1919, dismissing the complaint upon the merits at the close of the case after a trial before the court, a jury having been waived.

*Rudolph Marks* of counsel [*David L. Schwartz* with him on the brief], for the appellant.

*Frederick F. Neuman* of counsel [*Edward M. James* with him on the brief; *Neuman & Newgass*, attorneys], for the respondent.

GREENBAUM, J.:

Plaintiff sues as trustee in bankruptcy of the corporation known as Joseph Meyer & Co., Inc. The business of Joseph Meyer & Co., Inc., was buying, selling and trading in laces and kindred merchandise. The complaint in effect alleges that one Joseph Meyer, the president and treasurer of the corporation, doing business under the firm name of Joseph Meyer & Co., Inc., was authorized to sign checks against the funds of the corporation for the purpose of its business, and at the times when the checks hereinbefore mentioned were signed, in violation of his trust and duty as trustee of the assets of the corporation and in derogation of the rights of the creditors of the said corporation, while said corporation was insolvent was using the funds of the corporation to the extent of $3,300 in payment of his debts and obligations to the defendant, a stockbroker, in connection with his account in his own individual name with the defendant for the purchase of stocks and bonds on margin.

It is also alleged that these moneys were unlawfully and unauthorizedly withdrawn by Meyer from the bank account of the corporation by means of various checks made to the order of defendant and delivered to him by Meyer. It is further alleged that the defendant received and accepted said checks " with knowledge of the facts hereinbefore set forth and without proper inquiry and investigation," and " converted and appropriated the proceeds of said checks to his own use " to the damage of the corporation and its creditors in the sum of $3,300.

The action is thus based upon the alleged conversion of

the assets of the corporation, although the respondent mistakenly ·claims that the action was one for money had and received. The facts are substantially undisputed. The evidence is that on the 28th day of April, 1916, when the corporation started in business it adopted a resolution that its funds be deposited in its corporate name with the Broadway Trust Company, subject to withdrawal by checks made in its name and signed by its treasurer.

It appears, however, that although a copy of this resolution was left with the bank, the checks as matter of fact were signed, not in the name of the corporation, but as follows: "Joseph Meyer, Treas." The checks made out by the corporation upon its depositary were of an unusual form, as follows:

"No........            NEW YORK.............191...
            "JOSEPH MEYER & CO., INC.
                "Importers
              "353 Fifth Avenue
      "Pay to the order of.................................
..................................Dollars.
                    "..........................."

and in the left-hand margin thereof appeared the words and figures following:

"BROADWAY TRUST COMPANY,
    "Broadway and Eighth St.
"1–191."

On the face of it the check appears as though directed to Joseph Meyer & Co., Inc., instead of to the bank whose name appears in the margin on the left of the check. In other words, this check differs from ordinary checks in that the name of the bank is usually found where the name of Joseph Meyer & Co., Inc., appears.

The evidence touching upon the financial condition of the corporation may be briefly stated as follows: A draft on the corporation for the sum of $4,069.89 which became due on November 15, 1916, was protested for non-payment on that date; on December 15, 1916,. a draft for 3,739.15 francs drawn upon the corporation was duly protested for non-payment; still another draft for 4,846.21 francs drawn upon

the corporation was duly protested on January 15, 1917, for non-payment. These acts are claimed by the plaintiff to establish insolvency.

Sometime before May, 1917, the sheriff sold the assets of the corporation under an execution on a judgment against it. In April, 1917, an involuntary petition in bankruptcy was filed against the corporation and on May 2, 1917, by its consent it was duly adjudged a bankrupt.

The facts so far as defendant is concerned are that the four checks in question were delivered by Meyer to the defendant who made no inquiry or investigation of any kind as to the right of Meyer to use the corporation checks in payment of his individual speculations. It also appears that Meyer had no individual bank account with the Broadway Trust Company, but ·did have one with the Columbia Trust Company. That the checks in question were drawn against the corporation's account upon the Broadway Trust Company is beyond dispute. Although Joseph Meyer was on the witness stand as were also the bookkeeper of the corporation and one of its auditors and accountants there was no attempt made to give any explanation with respect to the state of the personal account of Meyer with the corporation. The principal books of the corporation were missing and were not produced upon the trial. There was no explanation made or any evidence given as to Meyer's stock holdings in the corporation or whether there was anything due to him from the corporation, and if so whether the checks were drawn by .him in payment of such indebtedness nor was any proof given showing that they were drawn by authority of the corporate officers and with their knowledge. The facts in this case are thus distinguishable from those appearing in *Kepner Co.* v. *Hutton* (179 App. Div. 130; affd., 226 N. Y. 674) and other cases. The evidence as it stands is that the funds of the corporation were converted.

As to the duty of the defendant in the premises, it seems to me that the facts in this case present a situation which would have put an ordinarily prudent person upon his inquiry. In the first place, the checks were of an unusual form as already stated. The signature was only that of Meyer signed as treasurer. Such a signature would indicate to the average

mind that the check was not drawn against the individual account of Meyer, but against some body, corporation or committee of which he was the treasurer. The defendant thus had notice that Meyer was using the funds of some body of which he was treasurer, which would not be likely to be engaged in speculative stock transactions.

If defendant had inquired of the Broadway Trust Company upon which the checks in question were drawn he could have ascertained the nature of that account and in all probability would have been told that the account was that of Joseph Meyer & Co., Inc. Having thus learned that the account was that of the corporation, defendant could have made further inquiries at the place of business of that concern as to the authority of Joseph Meyer as treasurer to draw checks in its favor upon the speculative stock transaction which was wholly unrelated to the merchandising business of the defendant corporation. He could have inquired for the resolution of the corporation which conferred authority upon Meyer to draw such checks. The evidence shows that defendant made not the slightest effort to inquire as to Meyer's authority and it appears that even Meyer himself was not questioned as to such authority. There is no reason to suppose as a matter of law that he would have given a false answer to any question that may have been put to him concerning his authority to use the corporate funds.

The case seems to fall within the rule recognized in *Marshall* v. *De Cordova* (26 App. Div. 615, 619, citing *Gerard* v. *McCormick*, 130 N. Y. 261, 267); *Rochester & C. T. R. Co.* v. *Paviour* (164 id. 281, 287, 288); *Moch Co.* v. *Security Bank, Nos. 1 & 2* (176 App. Div. 842, 848); *Cohnfeld* v. *Tanenbaum* (176 N. Y. 126); *Ward* v. *City Trust Co.* (192 id. 61); *Wagner Trading Co.* v. *Battery Park National Bank* (228 id. 37).

Upon the undisputed facts appearing upon the record, it seems to me that the question of whether or not the rights of creditors were involved was wholly immaterial to the maintenance of this action. The unauthorized act of Meyer in using his position as treasurer to draw checks upon the corporate funds for himself to the order of defendant was a fraud upon the corporation constituting a conversion of its assets. The corporation was, therefore, in a position to

maintain this action in its own behalf by reason of this diversion of its funds, regardless of the question of rights of creditors.

The learned trial justice refused to find most of the findings proposed by the appellant for which there was ample justification upon the proofs.

The learned trial justice also erred in finding that the checks in question were the personal checks of Meyer. There is not the slightest evidence to warrant such a finding.

The judgment must be reversed and a new trial ordered, with costs to appellant to abide the event.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event. Settle order on notice.