THE NEW YORK TRUST COMPANY, Plaintiff, *v.* A. D. BRAHAM and Another, Defendants.

Supreme Court, New York County, January 30, 1926.

**Interpleader — action of interpleader under Civil Practice Act, §§ 285 and 286, by bank holding fund claimed by depositor and another — claim is asserted in good faith and without collusion — plaintiff is entitled to judgment.**

Plaintiff, a trust company having a fund on deposit which, while in the name of the individual defendant herein, is claimed in good faith and without collusion by the corporation defendant of which the former is president, is entitled to a judgment of interpleader under sections 285 and 286 of the Civil Practice Act and, to the extent of the moneys on deposit with it, on paying the fund into court, will be relieved of any liability in the action by the depositor arising from plaintiff's refusal to pay the account.

ACTION of interpleader under sections 285 and 286 of the Civil Practice Act.

*White & Case* [*James Adam Murphy* of counsel], for the plaintiff.

*Dorian DeMillo* and *Louis H. Gold,* for the defendants.

LEVY, J. The plaintiff, a trust company, has brought an action against the individual defendant and the corporation of which he is president, demanding a judgment of interpleader and praying that it be permitted to pay the sum of $2,216.92 on deposit with it into court. This fund is in the name of the individual defendant but the plaintiff has received notice from the corporation that it belongs to the latter. Upon receipt of notice to this effect, the plaintiff decided to decline payment of the account and is confronted with a lawsuit commenced by the depositor. It might have awaited an action by either party for the amount of the deposit and sought interpleader in the simple manner permitted by section 199 of the Banking Law, but it has elected the remedy reserved to it under sections 285 and 286 of the Civil Practice Act.

Under ordinary circumstances, apart from the remedy allowed by the Banking Law, a bank cannot dispute the title of its depositor. (*German Savings Bank* v. *Friend,* 48 N. Y. St. Repr. 400.) Nor may the holder of an unaccepted draft or uncertified check drawn against bank deposits, assert any claim upon the funds as against the record depositor so as to entitle the depositary to resort to interpleader. (*Master* v. *Bowery Savings Bank,* 31 Misc. 178.) On the other hand, it appears beyond question that a check in the sum of $3,000 was drawn by the corporation through the individual defendant Brown to the order of " ourselves " against its account

in this bank which was certified by the latter and indorsed over by this very defendant to his own account in the identical bank. His right to make this withdrawal and to the succeeding deposit has been disputed by the corporation; in fact criminal proceedings have been instituted against him. It is well settled that where an officer of a corporation having no authority to do so, indorses checks payable to the corporation and deposits them to his individual account and then withdraws the proceeds by his individual checks, the bank is chargeable with *notice* and bound at its peril to inquire. If it fails to do so, it is chargeable with *knowledge* which might have been disclosed, presumably on proper investigation. (*Moch Co.* v. *Security Bank, Nos. 1 & 2,* 176 App. Div. 842.) In that event no title to the checks or proceeds passed to the bank and the corporation may recover either in conversion or for money had and received.

Here is a claim of the corporation apparently asserted in good faith and without collusion with the plaintiff, and the latter becomes entitled to interpleader. To the extent of the moneys on deposit with it, the plaintiff on yielding up the fund into court will be relieved of any liability in respect to the same. Motion is granted. Settle order.