UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant, *v.* JAMES B. BARRY and Others, Copartners, Doing Business under the Firm Name and Style of MOYSE & BARRY, Respondents.

First Department, October 28, 1932.

*William J. McArthur*, for the appellant.

*B. F. Norris* of counsel [*Frank R. Pitt* with him on the brief; *Bouvier & Beale*, attorneys], for the respondents.

SHERMAN, J. The Broadway Capital Corporation (plaintiff's assignor) was a depositor in the Manufacturers Trust Company, and its checks, when signed by Edward A. Blake, its assistant secretary, and also by either its secretary or its assistant treasurer, were entitled to payment. Blake had opened and was carrying a speculative trading account with defendants, a firm of stockbrokers. On two occasions, when it became necessary or expedient for him to put the defendants in further funds so as to protect his personal account, Blake delivered to them a check drawn upon the bank account of the Broadway Capital Corporation, payable to defendants. The first of these checks bore the signature of Blake and the counter signature of the secretary, and the second check bore in addition to Blake's signature that of Hamilton, the assistant treasurer of the depositor corporation.

The method by which Blake was able to obtain the necessary cosignatures appears to have been simple. He filled out the checks and represented to his fellow-officers that the Broadway Capital Corporation had purchased certain securities through defendants for its customers and made out and presented what purported to be purchase slips covering the transactions. As a matter of fact, these purchase slips were wholly fictitious for no order for the purchase of the securities thereon appearing had been received from any customer and no such transactions were made. In reliance upon the truth of Blake's representations these checks were countersigned by his co-officer and delivered to him. Thereupon he turned the checks over to defendants, who received them and applied them in reduction of Blake's personal indebtedness. Blake then destroyed the purchase slips, but a later audit revealed the misappropriations.

The Broadway Capital Corporation had no account with defendants. It owed defendants nothing. They knew or should have known when they accepted these checks that they were taking funds of Blake's employer to make good Blake's personal losses. They were put upon notice and if they had communicated with Blake's cosigners would have learned the truth. They chose not to take that course but accepted and cashed the checks. They were clearly guilty of conversion of the corporation's funds and must be held liable in the amount by which they benefited. (*Rochester & Charlotte Turnpike Road Co.* v. *Paviour*, 164 N. Y. 281; *Heig* v. *Caspary*, 191 App. Div. 560; affd., 232 N. Y. 574.)

The judgment below in defendants' favor must be reversed, with costs, and judgment rendered against defendants and in favor of the plaintiff for $14,415, with interest on $10,950 from the 10th

day of September, 1929, and on $3,465 from the 27th day of May, 1930, with costs.

FINCH, P. J., MERRELL, O'MALLEY and TOWNLEY, JJ., concur.

Judgment reversed, with costs, and judgment directed in favor of plaintiff against defendants for $14,415, with interest on $10,950 from the 10th day of September, 1929, and on $3,465 from the 27th day of May, 1930, with costs. Settle order on notice.