The judgment is reversed, and a new trial ordered; costs to abide the event. All concur.

(62 Misc. Rep. 69.)

NEW YORK PRODUCE EXCHANGE BANK v. TWELFTH WARD BANK OF CITY OF NEW YORK.

(Supreme Court, Special Term, New York County. January, 1909.)

TRIAL (§ 343*) — REQUEST TO DIRECT VERDICT—SUBMISSION TO JURY—CONCLU-SIVENESS OF VERDICT.

Where each party moved for a direction of a verdict in its favor, but both motions were denied, and disputed questions of fact were submitted to the jury, the court is bound by the verdict to the same extent as a verdict on any issues in an action at law.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 810; Dec. Dig. § 343.*]

Action by the New York Produce Exchange Bank against the Twelfth Ward Bank of the City of New York. Verdict for defendant. Motion for new trial denied.

James E. Kelly, for plaintiff.

Katz & Sommerich, for defendant.

DAYTON, J. Both sides moved for the direction of a verdict. The court, however, denied the motions, and submitted the issues of fact to the jury, which found for defendant. In Bank of State of New York v. Southern Nat. Bank, 170 N. Y. 1, 62 N. E. 677, the court said:

"When both parties ask for the direction of a verdict in their favor, and neither requests to go to the jury, they submit to the court for decision any question of fact that is presented by the evidence. In this case, however, the court refused to accept such submission, and sent certain questions of fact to the jury for its determination. We are inclined to the opinion that the verdict of the jury on these questions must be given the same effect as is accorded to a verdict on any issues in an action of law."

I can see no distinction between a denial of motions by both parties, followed by the submission by the court of specific questions of fact to the jury, and the submission of all the questions of fact after the denial of such motions. Nor do I understand that waiver of a jury trial through united motions for the direction of a verdict can be effected in an action at law, and thus impose upon the court the duty of determining upon conflicting evidence disputed facts material to the issues without the consent of the court. The case at bar presented testimony pro and con as to whether or not the check of Bauman & Co. had been altered; also whether or not it had been altered with the knowledge and consent of the drawer; also whether or not it had been signed in blank and delivered unaltered in the course of business; and whether or not, if altered, its general appearance was such as to call for inquiry by either plaintiff or defendant before its

acceptance for deposit or payment. In my opinion both parties should have asked to go to the jury, and the refusal to direct a verdict for either party was proper.

The learned counsel for the plaintiff urges that the burden of proof was upon the defendant to show the existence of circumstances making plaintiff's recovery inequitable. Aside from the failure of plaintiff's counsel to except to the "burden of proof" portion of the charge, it may be said that Hathaway v. County of Delaware, 185 N. Y. 368, 78 N. E. 153, 13 L. R. A. (N. S.) 273, 113 Am. St. Rep. 909, cited by him, does not seem to sustain his contention. That case, the court said (page 371 of 185 N. Y., page 154 of 78 N. E. [3 L. R. A. (N. S.) 273, 113 Am. St. Rep. 909]), "is on all fours with that of Mayer v. Mayor of N. Y.," 63 N. Y. 455, where payment of taxes had been made on the wrong lot; the court holding that, as the city had not lost its lien, the plaintiff could recover. Here the issue was which of these two banks should be charged on disputed facts in receiving or paying a check. This was a question of law, which involved no discussion of equitable principles.

Motion for new trial denied. Thirty days' stay after entry of judgment. Sixty days to make case on appeal.

Motion for new trial denied.