BENJAMIN SQUIRE, Appellant, *v.* ERNST ORDEMANN, Respondent, Impleaded with Others.

Conversion — unlawful use of check drawn on trust funds to pay personal debt of executor — when payee joint tort feasor with payor.

Where a check, given in payment of an individual debt, is signed by the debtor and another as the executors of the estate, the form of the check is notice to the payee that it is payable from trust funds, and the collection of the check renders him a joint tort feasor with the drawers in the conversion of the amount of the check from the trust fund.

Alleged good faith on the part of the payee does not relieve him from the legal consequences of receiving and appropriating money in a transaction wholly personal, with notice at least sufficient to put an ordinarily prudent person on inquiry, that the money had been taken from a trust fund.

A claim that the payee returned the money to the trust fund from which it was converted, examined and *held*, that a conclusion to that effect is not warranted by the evidence.

One of the drawers of the check, an executor of the estate, was also a legatee under the will of the decedent, but the check was not made payable to him nor had one year elapsed since the death of the testator. *Held*, that these facts prevent any presumption arising to relieve the defendants from the legal consequences of appropriating the trust fund to the payment of a personal contract.

Where two or more persons are jointly and severally liable for conversion a recovery against one is not a defense to the other unless the recovery is followed by payment, which to be availing must be shown.

The assignee of the residuary legatee of the estate the funds of which had been converted, is, under the facts of this case, entitled to maintain an action for conversion against the executors of the estate and the payee of the check.

*Squire* v. *Ordemann,* 122 App. Div. 890, reversed.

(Argued January 28, 1909; decided February 23, 1909.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 11, 1907, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The action is brought for conversion. The issues were tried before the court and a jury, and at the close of the trial counsel for the plaintiff and also for the defendant Ordemann asked that a verdict be directed in favor of his client. The court directed a verdict in favor of the plaintiff. Subsequently, upon motion, the court set aside the verdict and dismissed the plaintiff's complaint. The plaintiff appealed to the Appellate Division from the order setting aside the verdict and directing the dismissal of the complaint and from the judgment entered thereupon. From the judgment of affirmance entered at the Appellate Division this appeal is taken.

The facts, so far as material, are stated in the opinion.

*L. A. Gould* for appellant. The act of defendant executors amounted to grand larceny; when respondent Ordemann appropriated to himself the $500 in controversy, he was charged with notice that it was the subject of a trust, and was transferred unlawfully, and that the executors were engaged in a misappropriation of the trust estate. (*Swan* v. *Produce Bank,* 24 Hun, 277; *Wetmore* v. *Porter,* 92 N. Y. 76; *Boyce* v. *Brockway,* 31 N. Y. 490; *R. Co.* v. *Paviour,* 164 N. Y. 281; *Gerard* v. *McCormick,* 130 N. Y. 261; *F. Nat. Bank* v. *Nat. B. Bank,* 156 N. Y. 459.) The damages which the estate and the residuary legatee suffered through the wrongful conversion of the check and its proceeds have never been released or satisfied in whole or in part. (Code Civ. Pro. §§ 502, 506.)

*H. H. Glass* for respondent.   Ordemann was a *bona fide* purchaser for value.   (*Gerard* v. *McCormick*, 130 N. Y. 261 ; *Whitehouse* v. *M. R. R. Co.*, 120 N. Y. 145 ; *Kirsch* v. *Tozier*, 143 N. Y. 390.)   The delivery of Ordemann's check payable to the order of Andariese and the collection by him of the amount thereof while he was still the acting executor of the estate, was in law a repayment to the estate, and constituted a complete defense to this action.   (*Porter* v. *Wetmore*, 92 N. Y. 76 ; *Weetjen* v. *Vibbard*, 5 Hun, 267 ; *N. R. R. Co.* v. *Nolan*, 48 N. Y. 513 ; Perry on Trusts, § 433.)

CHASE, J.   One Christie died February 25, 1902, leaving a will by which the defendants Andariese and Strachan were named as executors, and they duly qualified and proceeded with the discharge of their duties as such.

On December 19, 1902, said Andariese individually entered into a contract with the defendant Ordemann to purchase his liquor saloon, and as part payment on the purchase price thereof gave a check, of which the following is a copy :

" No. 33.                    NEW YORK, *December* 19*th*, 1902.
          " WEST SIDE BANK.

"Pay to the order of Ernest Ordeman Five hundred Dollars on account of purchase price of store and business, No. 392 Sixth Avenue, N. Y. City.                    •
" $500.00/100.

    " Safe Deposit Vault.
              "ESTATE OF JAMES A. CHRISTIE.
              "EDWIN M. ANDARIESE, *Ex.*
              " R. W. STRACHAN, *Ex.*"

The check was paid by said West Side Bank and Ordemann received the proceeds thereof.   The delivery of the check, followed by the collection and receipt thereof by Ordemann, constituted an appropriation of the amount of the check to the individual use of Andariese.   The form of the check was notice to Ordemann that it was payable from trust funds, and as the check was payable to Ordemann and actually applied

in part payment of the individual contract of Andariese, the transaction is *prima facie* evidence to charge Ordemann as a joint tort feasor with Andariese and Strachan in the conversion of the amount of the check from the Christie estate. (*Ward* v. *City Trust Co.*, 192 N. Y. 61, 66; *Hathaway* v. *County of Delaware*, 185 N. Y. 368; *Seger* v. *Farmers' Loan & Trust Co.*, 187 N. Y. 314; *Wetmore* v. *Porter*, 92 N. Y. 76; *Boyce* v. *Brockway*, 31 N. Y. 490; *Rochester & C. T. R. Co.* v. *Paviour*, 164 N. Y. 281; *Gerard* v. *McCormick*, 130 N. Y. 261; *First Nat'l. Bank of Paterson* v. *Nat'l. B'way. Bank*, 156 N. Y. 459; *Kirsch* v. *Tozier*, 143 N. Y. 390; *Wilson* v. *Metr. E. R. Co.*, 120 N. Y. 145.)

To entitle Ordemann to a dismissal of the plaintiff's complaint it was necessary for him to establish that the transaction did not amount to a conversion of trust funds or to show that the amount of the check had been returned to the Christie estate. He claims that the amount of the check was returned to the estate and to establish such return he has shown that the contract with Andariese was subsequently canceled and that at the time of such cancellation he gave to the attorneys representing Andariese a check for $500 payable to Andariese individually. It further appears that thereafter said check was indorsed by Andariese at the request of his attorneys and that said attorneys then retained $150 thereof and paid the remainder of $350 to Andariese. Under the agreement canceling the contract it was necessary for Ordemann to pay Andariese $500. That was an individual contract obligation wholly independent of the fact that Andariese and Strachan, the two executors, and Ordemann had in law combined to despoil the estate of Christie to the extent of $500. Alleged good faith on the part of Ordemann does not relieve him from the legal consequences of receiving money in a transaction wholly personal with notice at least sufficient to put an ordinarily prudent person upon inquiry that the money had been taken from a trust fund that could not be used for investment in the saloon business. There is no pretense of an attempt on the part of Ordemann to return to the estate of Christie the

money that had been improperly taken from such estate. He
did not even take the precaution of making the check which
he gave upon the cancellation of the contract for the pur-
chase of the saloon payable to both Andariese and Strachan
or to Andariese and Strachan as executors, etc., of Christie,
nor did he take any other precaution to relieve himself from
the obligation resting upon him by reason of having been a
party to the conversion of such $500. The facts do not war-
rant the apparent conclusion of the trial court that Ordemann
had returned the money to the Christie estate from which it
had been converted.

The will of Christie gave and bequeathed to each of his
executors $500 exclusive of their fees and commissions as exec-
utors. It is claimed, but without any evidence to support it,
that the check so applied upon the Ordemann contract was
given by the estate of Christie in payment of the Andariese
legacy. The check was not payable to Andariese but directly
to Ordemann, so the form of the check as well as the fact that
one year had not elapsed since the death of Christie and the
granting of letters testamentary prevent any presumption aris-
ing to relieve the executors and Ordemann from the legal
consequences of appropriating the trust funds to the payment
of a personal contract.

It is provided by section 2721 of the Code of Civil Proced-
ure that "No legacy shall be paid by an executor or adminis-
trator until after the expiration of one year from the time of
granting letters testamentary or of administration, unless
directed by the will to be sooner paid * * *." After all
the transactions hereinbefore mentioned the defendants Anda-
riese and Strachan were directed to account in the Surrogate's
Court which they proceeded to do. The decree upon such
accounting shows that the debts of the decedent, the testa-
mentary expenses and the general legacies given in and by the
will have been paid. It also appears from such decree that
certain specific property consisting of a bond secured by a
mortgage on real property and certain stock, together with
$2,906.42 on deposit in a trust company remained in the

possession of the executors undisposed of, and it directs the payment therefrom of certain expenses incurred in the unsuccessful effort of the executor Strachan to establish a personal claim against the estate, and that the remainder of the money on deposit in said trust company and the said bond and mortgage and said stock be delivered, transferred and set over to the residuary legatee named in the will.

The decree also provides that the executors after obeying and complying with the terms thereof as stated are respectively indebted to the residuary legatee as follows: The said Andariese in the sum of $6,102.24 and the said Strachan in the sum of $9,619.72 and they are respectively ordered and adjudged to pay the same to her. The amount payable by said Strachan is in excess of the amount payable by said Andariese by reason as stated in said decree of his misappropriating one hundred shares of the stock of the Colorado and Southern Railroad Company, a part of the assets of the decedent's estate. The decree also provides that " Neither of said executors is entitled to any commissions, costs, allowances, or counsel fees herein (therein)." The decree as against the executors established the amount due from them and to whom the same was payable. It could have been docketed and enforced as a judgment of the Supreme Court. (Code Civil Procedure, §§ 2553, 2554.)

Before the commencement of this action the residuary legatee duly sold and assigned to the plaintiff herein the cause of action alleged in the complaint. It is now urged that the plaintiff is not entitled to recover because he has not shown that the amount of the decree against Andariese and Strachan has not been paid as directed therein. It must be remembered that this is not an action for money had and received or upon a judgment, but an action for conversion of the trust fund. Where two or more persons are jointly and severally liable for conversion a recovery against one is not a defense to the other unless the recovery is followed by payment which to be availing must be shown. (*Knapp* v. *Roche*, 94 N. Y. 329; *Russell* v. *McCall*, 141 N. Y. 437; *Wies* v. *Fanning*, 9 How. Pr. 543.)

The plaintiff representing the residuary legatee is, under the facts appearing in this case entitled, to maintain the action. (*Weetjen* v. *Vibbard*, 5 Hun, 265; *Wetmore* v. *Porter*, 92 N. Y. 76; *First Nat'l Bank of Paterson* v. *Nat'l B'way Bank*, 156 N. Y. 459; *Bailey* v. *Inglee*, 2 Paige Ch. 278; *Zimmerman* v. *Kinkle*, 108 N. Y. 282.)

The judgment of the Appellate Division and also that of the Trial Term setting aside the verdict and dismissing the plaintiff's complaint should be reversed and the verdict of the jury reinstated, and judgment directed to be entered thereupon, with costs in all courts.

CULLEN, Ch. J., GRAY, HAIGHT, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur.

Judgment reversed, etc.