HAVANA CENTRAL RAILROAD COMPANY, Respondent, *v.*
KNICKERBOCKER TRUST COMPANY, Appellant.

Banking — checks on funds of corporation drawn by treasurer to
his own order and deposited to his own account in another bank
— when latter bank not liable to corporation for proceeds of such
checks drawn out and used by said treasurer.

When a corporation opens an account with a banking institution it con-
fers upon that institution the power to determine whether any check
drawn upon the account conforms to the contract between the depositor
and the depositary. · When it makes a mistake in the determination of
such a question the depositary may be liable to the depositor; but the
depositor cannot recover back the money paid on such check to a third
person who has received it in good faith relying on the representation of
the deposit bank that the check was all right and has subsequently
parted with the money.

Where the treasurer of a corporation, authorized to sign checks for it as
treasurer, drew checks to his own order and deposited them in a bank to
his own account, the bank on which the checks were drawn paid
them, and the bank in which they were deposited, and which collected
them, credited the proceeds thereof to the individual account of the
treasurer, who thereafter drew out such proceeds, the latter bank is not
liable to the corporation.    The deposit bank of the corporation upon
which the checks were drawn was its agent to determine whether
the checks were properly payable or not.    When it decided that they
were and paid them to another bank, in which they had been deposited
by the treasurer for his individual account, which latter bank received
the proceeds in good faith, this was an acknowledgment that its treasurer
in fact possessed authority to draw such checks, and the corporation
has no right to recover the proceeds from the bank in which they were
deposited.

*Havana Central R. R. Co.* v. *Knickerbocker Trust Co.*, 135 App. Div. 313,
reversed.

(Argued March 28, 1910; decided May 17, 1910.)

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the first judicial depart-
ment entered December 10, 1909, which affirmed an inter-
locutory judgment of Special Term overruling a demurrer to
the complaint.

The following question was certified : " Does the complaint state facts sufficient to constitute a cause of action ? "

The nature of the action and the facts, so far as material, are stated in the opinion.

*Julien T. Davies* and *Herbert Barry* for appellant. The Knickerbocker Trust Company received for deposit the checks in question in good faith and under such circumstances as created no actual notice of any improper purpose on the part of its depositor. (*G. Nat. Bank* v. *State,* 141 N. Y. 379; *Campbell* v. *Upton,* 66 App. Div. 434; *Ashton* v. *President, etc., of Atlantic Bank,* 3 Allen, 217.) Upon principles of equitable estoppel the plaintiff is precluded from maintaining its claim against this defendant. (Story on Agency, § 452; *Lee* v. *Sandy Hill,* 40 N. Y. 442; *Davis* v. *Bemis,* 40 N. Y. 454; *G. Nat. Bank* v. *State,* 141 N. Y. 379; *Campbell* v. *Upton,* 66 App. Div. 434; 171 N. Y. 644; *Bank of N. Y.* v. *A. D., etc., Co.,* 143 N. Y. 559.) The first and third checks having been duly accepted by the Central Trust Company, in legal effect a new instrument was created to which the plaintiff was not a party; and the plaintiff should not be permitted to maintain its claim against this defendant upon such checks. (Negotiable Instruments Law, L. 1897, ch. 612, §§ 112, 321, 325; Morse on Banks & Banking, § 414; *First Nat. Bank of Jersey City* v. *Leach,* 52 N. Y. 350; *Thomson* v. *Bank of British North America,* 82 N. Y. 1; *Meuer* v. *Phenix Nat. Bank,* 94 App. Div. 331; *Merchants' Bank* v. *State Bank,* 10 Wall. 604; *Willets* v. *Phenix Bank,* 2 Duer, 121.) Where a fiduciary draws a check to his individual order and deposits it elsewhere in his individual account and subsequently uses the proceeds in breach of his trust, the bank receiving such deposit is not liable for the proceeds, in the absence of actual knowledge of the fiduciary's misconduct or of circumstances sufficient to put it upon inquiry. (*Gray* v. *Johnston,* L. R. [3 H. L.] 1; *Coleman* v. *B. & O. Union Bank* L. R. [2 Ch. Div. 1897] 243 ; *Shields* v. *Bank of Ireland,* 1 Irish Rep. 222; *Mills* v. *Nassau Bank,* 52 Misc.

Rep. 342; *Ashton* v. *Atlantic Bank,* 3 Allen, 217; *Batchelder* v. *Central Nat. Bank,* 188 Mass. 25; *Goodwin* v. *American Nat. Bank,* 48 Conn. 550; *S. D. & Trust Co.* v. *Diamond,* 194 Penn. St. 334; *Rhinehant* v. *New Madrid Banking Co.,* 99 Mo. App. 381; *Martin* v. *Kansas Nat. Bank,* 66 Kan. 653.)

*Thomas B. Paton* for American Banking Association, intervening.   Where a corporation treasurer, authorized to draw checks for corporation purposes, draws, as treasurer, the corporation's check to his individual order which he deposits elsewhere in his personal account and after collection withdraws the proceeds in violation of his trust, the bank of deposit is not charged with notice of the misappropriation nor put upon inquiry by the mere form and contents of the check.   (*Gray* v. *Johnston,* L. R. [3 H. L.] 1; *Coleman* v. *B. & O. U. Bank,* L. R. [2 Ch. Div. 1897] 243; *Shields* v. *Bank of Ireland,* 1 Irish Rep. 222; *Batchelder* v. *Central Nat. Bank,* 188 Mass. 25; *S. D. & Trust Co.* v. *Diamond Nat. Bank,* 194 Penn. St. 334; *Duckett* v. *Mechanics' Bank,* 86 Md. 400.)   The rule that where an agent draws a corporation check, payable to himself, and uses it to pay his individual debt, the payee takes with notice of the fraud, does not apply to the bank which merely receives the check in, and pays its proceeds from, the personal account of the agent.  ( *Ward* v. *City Trust Co.,* 192 N. Y. 61; *R., etc., Co.,* v. *Paviour,* 164 N. Y. 281; *Gerard* v. *McCormick,* 130 N. Y. 261; *Campbell* v. *M. Nat. Bank,* 67 N. J. L. 301; *Montvale* v. *People's Bank,* 74 N. J. L. 464.)

*Alfred A. Wheat* and *Jordan J. Rollins* for New York State Bankers' Association, intervening.   The decision of the court below carries the doctrine of notice as applied to those receiving negotiable instruments far beyond the limit which has heretofore been set by the courts or by statutory enactment.   (*Magee* v. *Badger,* 34 N. Y. 249; *Vosberg* v. *Diefendorf,* 119 N. Y. 357; *Canajoharie Nat. Bank* v. *Diefendorf,*

123 N. Y. 191; *Joy* v. *Diefendorf*, 130 N. Y. 6; *Knox* v. *Eden Musee Co.*, 148 N. Y. 441; *Jarvis* v. *Manhattan Beach Co.*, 148 N. Y. 652; *Am. Exchange Nat. Bank* v. *N. Y.*, etc., *Co.*, 148 N. Y. 698; *Cheevers* v. *Pittsburg, etc., R. R. Co.*, 150 N. Y. 60; *Duckett* v. *Mechanics' Bank*, 86 Md. 404; *Bank of N. Y.* v. *Am. Dock & Trust Co.*, 143 N. Y. 559; *Cohnfeld* v. *Tanenbaum*, 176 N. Y. 126.)

*George B. Covington, Herbert A. Heyn* and *Bernard G. Heyn* for respondent. The form of the check was notice that it represented plaintiff's funds. Van Voorhis' attempt to deposit the same in his individual account was a transaction showing an attempt on his part to lend the plaintiff's money to the defendant under an agreement by which it was to pay it back to him personally. Such circumstances demanded an inquiry on the part of the defendant, and if such inquiry would have revealed the true state of facts, in the absence thereof the defendant is liable. ( *Ward* v. *City Trust Co.*, 192 N. Y. 61; *Squire* v. *Ordemann*, 194 N. Y. 394; *Farmers' Loan & Trust Co.* v. *Fidelity Trust Co.*, 86 Fed. Rep. 541; *Rochester* v. *Paviour*, 164 N. Y. 281; *Gerard* v. *McCormick*, 130 N. Y. 261; *Wilson* v. *Metropolitan Ry. Co.*, 120 N. Y. 145.) The fact that the defendant received the checks in suit as a banker and for deposit to Van Voorhis' individual account, and not in payment of an antecedent debt, cannot relieve it from liability. ( *Wilson* v. *Metropolitan Ry. Co.*, 120 N. Y. 145; *Farmers' Loan & Trust Co.* v. *Fidelity Trust Co.*, 86 Fed. Rep. 541; *Robinson* v. *Chemical Nat. Bank*, 86 N. Y. 404; *Schmidt* v. *Garfield Nat. Bank*, 64 Hun, 298.) Certification of the checks by the Central Trust Company did not relieve the defendant of liability. (*Thompson* v. *Bank of B. N. A.*, 82 N. Y. 1; *Ward* v. *City Trust Co.*, 192 N. Y. 61.)

Willard Bartlett, J. This appeal involves the sufficiency of a complaint which contains the following allegations :

The plaintiff is a New Jersey corporation organized to

operate a railroad in the island of Cuba. The defendant is a New York corporation authorized to do the business of a trust company, including the receipt of deposits and the withdrawal of the same on checks, drafts or orders, with its principal place of business in the city of New York. On February 23, 1906, the plaintiff by C. W. Van Voorhis, its treasurer, opened a deposit account with the Central Trust Company of New York in its name, under an arrangement by which checks drawn upon said account were to bear the following signature : " Havana Central Railroad Company, C. W. Van Voorhis, Treasurer." Between April 21st and June 15th, 1906, without the knowledge of any other officer or employee of the plaintiff, C. W. Van Voorhis drew and signed three checks upon this account with the Central Trust Company, the first dated April 21, 1906, for $22,461.81, payable to the order of W. M. Greenwood or C. W. Van Voorhis, the second dated May 23, 1906, for $21,944.45, payable in the alternative to the same persons, and the third, dated June 14, 1906, for $15,000, payable like the two others. Each of these checks was signed " Havana Central Railroad Company, C. W. Van Voorhis, Treasurer ;" each was indorsed by C. W. Van Voorhis, and each was deposited by him in a bank account in his own individual name which he kept with the defendant. The first and third checks were accepted by the Central Trust Company before payment and the amount of each check was paid by the Central Trust Company to the defendant and credited by the defendant to C. W. Van Voorhis in his individual bank account already mentioned. The Central Trust Company charged such payments to the plaintiff corporation. After the deposit with the defendant of the amounts represented by these checks in the individual account of C. W. Van Voorhis he was permitted to draw upon said account and did draw upon it until July 7, 1906, when the account was closed.

The complaint further alleges that C. W. Van Voorhis deposited the checks and used the proceeds thereof for his own purposes without any right or authority so to do and that he had no right or authority to draw upon the account of the

plaintiff or to use its funds except for the purposes of the plaintiff's business, and that the plaintiff was not at any of the times heretofore mentioned indebted to C. W. Van Voorhis in any sum whatsoever; and that notice or inquiry by the defendant to and of the plaintiff would have revealed these facts and would have shown that by drawing the checks in the form already described and depositing them in his individual account with the defendant, the said C. W. Van Voorhis was wrongfully misappropriating and converting the same to his own use, but the defendant did not make any inquiry of the plaintiff or any one else concerning the checks or give any notice to the plaintiff in regard to their deposit with the defendant.   It is alleged that on account of these matters the defendant has had and received $59,406.26 of the moneys of the plaintiff and thereby became indebted to the plaintiff in said sum, no part of which has been paid except that $3,597.91 has been received by the plaintiff from the said C. W. Van Voorhis in reduction of the amount represented by the third check.

It will be observed that the complaint contains no averment of any conversion by the defendant.   The only conversion alleged is a misappropriation by C. W. Van Voorhis, the plaintiff's treasurer.   The action is for money had and received, the manifest theory of the pleader being that the defendant by receiving the checks for deposit in the individual personal account of the plaintiff's treasurer under the circumstances disclosed by the complaint has become legally obligated to repay the money represented by those checks to the plaintiff corporation.   This theory is based on the proposition that the checks when presented to the defendant for deposit bore upon their face what the learned counsel for the respondent calls "a shadow," which ought to have prevented the defendant from taking them or collecting the proceeds without inquiry from some responsible officer of the plaintiff corporation other than its treasurer as to his authority to draw checks against the funds of the corporation payable to his own individual order.

The complaint does not allege that C. W. Van Voorhis, the plaintiff's treasurer, was not authorized to draw checks in this form.    It merely avers that he had " no right or authority to draw upon said account of the plaintiff or to use its funds except for the purposes of the plaintiff's business."    This averment does not negative the idea that the purposes of the plaintiff's business may have required its treasurer on occasion to draw checks upon the corporation account payable to himself individually ; the allegation simply amounts to an averment that he was not authorized to draw these particular checks to his own order, and that the defendant could have ascertained that fact upon due inquiry.    The case really turns upon a determination as to what were the rights of the defendant and its duties toward the plaintiff upon the presentation of the checks for deposit in the individual account of the treasurer.

The defendant could properly regard the checks as the property of C. W. Van Voorhis.    The possession of a bank check payable to the order of the holder is presumptive evidence of ownership.    (2 Daniel on Negotiable Instruments [4th ed.], § 1652.)    In behalf of the respondent it is argued that the fact that the checks were drawn by the treasurer in behalf of the corporation payable to himself individually cast suspicion upon them, and imposed upon the banking institution to which they were offered for deposit a duty to make some inquiry as to their validity before it dealt with them as the property of the payee. If it be conceded that the offer of such a check for deposit to the individual account of an officer calls for some inquiry on the part of the bank to which it is offered as to the extent of his authority in the premises, I am of opinion that the Knickerbocker Trust Company in the present case did all that the law demands.    When it caused the three checks to be presented to the Central Trust Company for payment it thereby virtually made a twofold inquiry of that institution : (1) Whether the checks bore the genuine signature of an officer authorized to sign checks in behalf of the Havana Central Railroad Company ; and (2) whether C. W. Van Voorhis, the

treasurer of the Havana Central Railroad Company, had authority to draw checks upon the account of the corporation payable to his individual account.   The drawee of a bill of exchange is bound to know the signature of the drawer and his capacity to draw the bill.   (1 Daniel on Negotiable Instruments [4th ed.], §§ 534, 535.)   The acceptance of the bill is an acknowledgment of the genuineness of the signature and the authority of the drawer.   So the payment of these checks by the Central Trust Company upon their presentation at the instance of the Knickerbocker Trust Company was an acknowledgment by the deposit bank of the Havana Central Railroad Company that C. W. Van Voorhis, its treasurer, possessed authority from the railroad corporation to draw precisely such checks in precisely the form in which they were drawn.   The Havana Central Railroad Company by opening its deposit account with the Central Trust Company constituted the latter corporation its agent as to all third parties who might receive checks drawn upon that account to determine and declare whether such checks were genuine and were drawn within the scope of the treasurer's agency as established by the contract between the Central Trust Company and the railroad corporation.   When the Central Trust Company by paying these checks declared to the Knickerbocker Trust Company that they were genuine obligations of the railroad corporation which the treasurer had authority to draw, the Knickerbocker Trust Company was not obligated by law to make any further inquiry but was authorized to deal with the proceeds of the checks as the individual property of the payee and after it has turned over such proceeds to him it cannot be compelled to restore them to the Havana Central Railroad Company merely because the Central Trust Company ought to have withheld payment of the checks.

The distinguishing feature between this case and the cases relied upon to support the judgment which has been rendered herein is that in the cases cited the form of the transaction was notice to the party receiving the check or other instrument that it was sought to be used to pay an individual debt

out of trust funds.   Here the checks were not designed to discharge any obligation owing to the defendant.   The defendant merely collected the amounts thereof and placed the same to the credit of the payee.   It is conceded that they were properly signed as checks upon the plaintiff's bank account with the Central Trust Company — that is to say, they were signed: "Havana Central Railroad Company, C. W. Van Voorhis, Treasurer."   As has already been pointed out the complaint does not allege that Mr. Van Voorhis had no authority to draw checks upon this account to his own order.   The allegation is merely that he had no right or authority to draw upon the account of the plaintiff or to use its funds *except for the purposes of the plaintiff's business,* and, in substance, that these checks were not drawn for such purposes, as the defendant might have ascertained upon proper inquiry.   But what inquiry and of whom?   The obvious course, as it seems to me, was to present the checks for payment to the institution upon which they were drawn. If it paid them, such payment constituted the most emphatic assertion upon the part of the plaintiff's own deposit bank that under the arrangement existing between it and the plaintiff the plaintiff's treasurer was authorized to draw just such checks payable to his own order.   The defendant having relied upon that assertion and subsequently paid away the money thus collected the plaintiff corporation is estopped from denying that its treasurer in fact possessed authority to draw the checks.

But it is said that inquiry of the plaintiff's deposit bank was not enough, because it was not the plaintiff's agent to make representations to third parties as to the validity of checks drawn upon the plaintiff's account.   I think otherwise.   It seems to me that when a corporation opens an account with a banking institution it confers upon that institution the power to determine whether any check drawn upon the account conforms to the contract between the depositor and the depositary.   When it makes a mistake in the determination of such a question the depositary may be liable to

the depositor; but the depositor cannot recover back the money paid on such check to a third person who has received it in good faith relying on the representation of the deposit bank that the check was all right and has subsequently parted with the money.

The case of *Ward* v. *City Trust Co.* (192 N. Y. 61) differs essentially from the case at bar in the fact that the corporation check there in controversy was delivered to the defendant in payment of a personal loan. In *Squire* v. *Ordemann* (194 N. Y. 394) the check was that of executors given in payment of an individual debt. The only point decided in *Robinson* v. *Chemical National Bank* (86 N. Y. 404) which has any possible application here was the obvious proposition that the indorsement of a check drawn to the order of a principal by an agent having no authority to indorse could not operate to transfer title to the paper. The principal matter litigated in the case of *Bank of New York Nat'l Banking Assn.* v. *American Dock & Trust Co.* (143 N. Y. 559) was the validity of a warehouse receipt issued by the president of the defendant to his own order; and it was there held that the certificate on its face gave the purchaser such notice as should put a prudent person upon inquiry in regard to the president's authority. In that case Judge Peckham said: "It is an acknowledged principle of the law of agency that a general power or authority given to the agent to do an act in behalf of the principal, does not extend to a case where it appears that the agent himself is the person interested on the other side;" (p. 564) and he further expressed the opinion that it was against the general law of reason that an agent should be intrusted with power to act for his principal and for himself at the same time. A similar certificate was the subject of consideration in the later case of *Hanover Bank* v. *American Dock & Trust Co.* (148 N. Y. 612) where it was held that authority in the president to issue warehouse certificates of the character in question might be implied from acquiescence. In that case Judge Vann said that the authority of an agent was enlarged as to third persons by implication when the

principal permitted him to do acts not expressly authorized and added: " For the protection of innocent persons the law will imply authority in an agent to do acts which, although forbidden by the principal before they are done, are, nevertheless, recognized by him as valid after they are done." (p. 620.) I am unable to find any proposition actually decided in any of these cases or in any other authoritative cases cited in behalf of the respondent which is at variance with the view I entertain as to the rights and obligations of the defendant in the case at bar.   That view, stated in the fewest possible words, is that the Central Trust Company was the agent of the Havana Central Railroad Company to determine whether the checks in controversy were properly payable or not; and when it decided that they were and paid them to the Knickerbocker Trust Company which received the proceeds in good faith, no right remains in the railroad corporation to recover such proceeds after the Knickerbocker Trust Company has paid them away.

For these reasons I advise a reversal of this order, and that the question certified be answered in the negative.

CULLEN, Ch. J., GRAY, HAIGHT, VANN and CHASE, JJ., concur.

Order reversed and judgment ordered for defendant on demurrer, with costs in all courts, with leave to plaintiff to serve amended complaint within twenty days on payment of costs.