### PEOPLE v. BANK OF STATEN ISLAND.

### DAVENPORT v. WALKER et al.

(Supreme Court, Special Term, Albany County.    July 11, 1910.)

RECEIVERS (§ 180½,* New, vol. 9, Key No. Series)—VOLUNTARY DISMISSAL—GROUNDS.

An application by a receiver of a bank for leave to discontinue an action against third persons to recover the proceeds of a cashier's check given in payment of a personal debt, the funds covered being the funds of the bank, on the ground that the receiver had no evidence of notice to the defendants that the funds covered by the check were the funds of the bank, except the form in which the check itself was drawn, will be denied, where a separate defense, verified on knowledge, alleged that the cashier called on the defendants and stated that he desired to take up certain bonds and pay for them as the property of the bank, and that he, as cashier of the bank, was empowered to purchase bonds for it and pay out the funds of the bank for them.

Application by John S. Davenport, receiver of the Bank of Staten Island, for leave to discontinue an action originally brought by a prior receiver, but continued by him, against Norman S. Walker and others, brokers. Denied.

See, also, 132 App. Div. 96, 116 N. Y. Supp. 411.

The action was brought to recover $40,000, the avails of a cashier's check drawn by Otto Ahlmann, former cashier of the bank, and delivered to the defendants in claimed payment of a personal debt, on or about December 23, 1901; it being claimed that the defendants had notice that the funds covered by the check were the funds of the bank.

Edward R. O'Malley, Atty. Gen., for the People.
Jellenik & Stern, for receiver.
Howard R. Bayne, for the defendants Walker.
Arthur O. Townsend, for certain creditors.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LE BOEUF, J. The receiver asks leave to discontinue this action, claiming that Goshen National Bank v. State, 141 N. Y. 379, 36 N. E. 316, Hathaway v. County of Delaware, 185 N. Y. 368, 78 N. E. 153, 13 L. R. A. (N. S.) 273, 113 Am. St. Rep. 909, and Havana Central Railroad Company v. Knickerbocker Trust Company, 198 N. Y. 422, 92 N. E. 12, will not permit him to recover in this action.

The cases cited, other than the first, as claimed by the Attorney General, may be distinguished from this case. The Goshen National Bank Case is, however, not so readily distinguishable on the assumed facts stated by the receiver. It is noteworthy, however, that in the Havana Central Railroad Company Case, supra, the Court of Appeals laid great stress in distinguishing that case from two recent cases, decided in that court, on the fact that the money used was used in payment of an individual indebtedness. These two cases are Ward v. City Trust Company, 192 N. Y. 61, 84 N. E. 585, a case where an officer of a corporation indorsed a check payable to the corporation and used it for the payment of his personal indebtedness, and Squire v. Ordemann, 194 N. Y. 394, 87 N. E. 435, where executors drew their check upon the funds of the estate in payment of a personal debt of one of the executors, there being some claim that a legacy payable to one of the executors was actually being paid by the use of this check.

There are some differences between the last two cases cited and the case at bar. There is, however, a strong disposition apparent in the later decisions of the Court of Appeals to require the use of considerable care upon the part of persons who deal with agents or persons in a trust relation to see to it that funds under their control, but not their own, are not applied to the payment of their personal obligations.

The case, as it appears on this motion, is based solely upon the claim that the motion should be granted because the receiver has no proof of notice to the defendants Walker that the funds covered by the cashier's check were the funds of the bank, except the form in which the check itself was drawn. There is some suggestion of difficulty in showing that the cash of the bank was actually improperly reduced by the use of this check. This, however, is not deemed serious enough by the receiver to base his application for discontinuance thereon.

Examining the pleadings, which were also submitted on this motion, I find it difficult to assume that there is nothing with which the receiver can go before the trial court to indicate notice and knowledge that the funds were the funds of the bank, other than the check itself.

The first separate defense of the defendants Walker, sustained upon demurrer, alleged in so many words:

"That at or about the time said Ahlmann requested the defendants to purchase said bonds [Chicago & Alton], he stated he was buying them really for the Bank of Staten Island mentioned in the complaint [of which bank he was then cashier], and that in due course he would call upon the defendants and take up said bonds for the benefit of said Staten Island Bank and pay for them in full; that subsequently, and on or about the 23d day of December, 1901, said Ahlmann did call upon the defendants, and stated that he de-

sired to take up said bonds and pay for them as the property of said Staten Island Bank; that said Ahlmann was at said time, and long theretofore had been, and long thereafter was, the cashier of said Staten Island Bank, and was empowered to purchase bonds and other securities for said bank and pay out the funds of said bank for them." '

The receiver has asked this court to assume that the defendants could not succeed upon their several defenses. This court, however, cannot disregard this allegation, sworn to, not upon information and belief, but upon knowledge. It cannot close its eyes to the fact that, whatever other and damaging testimony he may give, one of the defendants can swear to such a state of facts as would indicate notice that the check presented represented the funds of the bank exclusively. The plaintiff's case may be seriously hazarded by the use of this evidence. What may happen in the trial court, where evidence may be received, cannot upon this motion be so clearly foretold as to warrant the discontinuance of this action upon the papers presented. The pleadings, including the defenses, suggest a more than strange condition to have existed in the carrying on of the affairs of this bank, and in the cashier's dealings with third persons.

The case, as it appears in the light of the claims made in these pleadings, is one which certainly ought to be submitted to a trial court, regardless of what the result may be; and a Special Term, or motion of this kind, should not attempt to decide such a case upon assumptions of fact and apparent questions of law resulting from those assumptions, where the facts may be entirely changed by the actual trial of the case.

The receiver is undoubtedly entitled to be instructed as to what his position is in the premises. The Attorney General and some of the creditors evidently feel that the case should be tried. When all the facts come out in the case, it may well be that the defendants will succeed. The amount at stake, however, warrants the expenditure which the receiver may incur, and that, substantially stopping at the trial, need not be excessive.

The motion made is therefore denied, but without costs.