BEACON JANSEN, Plaintiff, *v.* ASSOCIATES DISCOUNT CORPORATION, Defendant.

City Court of Albany, June 1, 1953.

*Bernard Ellenbogen* for plaintiff.

*Carson Leonard* for defendant.

HERZOG, J. It has long been my opinion that any decision could commence with a clear, concise and succinct statement of the question at issue. In fact, in recent decisions, I have attempted to follow a format which started with such a statement of the question, followed by the facts, and then the rules of law involved in the decision, and finally, the application of these rules to the facts. This format was more or less based upon an article in the American Bar Association Journal several years ago. I had thought that by using this form, the decision would be such a concatenation of law and fact that, at the conclusion thereof, one could write, " Q.E.D." However, this case illustrates the fact that a person must be very naive to expect such simplification of the law. Here, the question would be too long and involved to be of any assistance, because it would necessitate a lengthy restatement of all the facts.

These facts present a lesson in dishonesty and illustrate what an unscrupulous person can do today — at least if he can, apparently, put on a " good front ". I must say, however, that I have often viewed with amazement the number of cases in this court, where honest people have placed complete trust and confidence in the dishonest, simultaneously refusing to place equal trust in the honest.

One Singer is the culprit in our drama. Through various machinations, which involved a total of some seven chattel mortgages and conditional sales, he succeeded in obtaining over $4,000 on a car worth about $1,200. Lest others think this be an easy way to get rich, the moral is that anyone who takes a chattel mortgage on a vehicle should check and recheck public records and the place of residence of the mortgagor for some years back. This is the usual procedure, and had it been done, Singer would never have succeeded in his nefarious schemes.

The story is, briefly, about as follows:

1. In August, 1946, Louis K. Singer bought a 1942 Buick automobile from John W. Warner in Kingston, New York. He financed this with a chattel mortgage, in the Fallkill National Bank and Trust Company of Poughkeepsie. This mortgage was properly filed in the Dutchess County Clerk's Office, since Singer resided in Poughkeepsie, New York.

2. In September, 1946, Singer gave Beacon Cohen (now Jansen) a chattel mortgage, which was also duly filed.

3. In January, 1947, these mortgages were satisfied and Singer gave a new mortgage for $900 to Jansen and the Allstate Equipment Corporation.

4. On May 12, 1947, Singer gave a new mortgage to the Fallkill Bank and Trust Company of Poughkeepsie.

5. Four days later, on May 16, 1947, Singer entered into a conditional sales contract with City Motor Sales, Inc., of Albany, New York, in which he went through the form of purchasing the same automobile under a conditional sales contract. This contract, in the amount of $1,266, was assigned to the defendant. Singer had asserted that he resided in Albany and the contract was filed there.

6. Another mortgage was given to the Personal Finance Corporation, the date of which does not appear in the record.

7. Finally, on November 10, 1947, Singer sold the automobile to Karl Motor Sales of Troy, for the sum of $1,175.

The above is the history of the mortgages and sales on this one automobile in the course of slightly over a year.

Truth will out — justice prevails! These facts became evident and Associates demanded of Karl payment of its conditional sales contract, asserting they had a prior lien, which was duly filed in the County Clerk's office, Albany, New York, the place of residence of Singer. After a lawsuit had been started, Karl paid the defendant $700. The plaintiff, who also collected from Karl because of his prior mortgage, took an assignment of Karl's claim against the defendant. This action,

based upon the assignment from Karl, is for moneys had and received, which were paid under a mutual mistake of the following facts:

1. That the defendant had a prior lien.

2. That both Karl and the defendant believed that Singer resided in Albany. (From the proof, I am satisfied that his actual place of residence was in Poughkeepsie, during all these transactions.)

3. That the contract was properly filed in Albany.

It may be seen from the above that some are mistakes of law — others, of fact.

The applicable rules of law are fairly simple. Under such circumstances, it is well to remember the words of Judge CRANE, which should be indelibly etched in the minds of all of the legal profession. Speaking for the Court of Appeals in *Adrico Realty Corp.* v. *City of New York* (250 N. Y. 29) he said (p. 32): "These are general rules, easy to understand, easy to express. So frequently have they been used that we are tempted to fall into the habit of using them like a yardstick, as if they gave an accurate and unvarying measure. Like all general rules, common and frequent use may dull our sense of their meaning and of their early application leading us to overlook their exceptions and limitations. * * * Few rules of law can be applied without examination or analysis."

The general rule is that a payment made under a mistake of fact and which the payor was under no legal obligation to make, may be recovered. The essentials are:

1. Mistake of a material fact, which operated to influence the payor's judgment, and,

2. Payment made, which payor was under no obligation to make. (70 C. J. S., Payment, § 157, par. a, p. 367; par. b; *Hathaway* v. *County of Delaware,* 185 N. Y. 368; *Kingston Bank* v. *Eltinge,* 40 N. Y. 391; *Alliance Assur. Co.* v. *McNamara,* 279 App. Div. 978; *Matter of Welton,* 141 Misc. 674.)

The rationale of the rule is the equitable doctrine of unjust enrichment and that an action will lie for the recovery of money from one to whom, in good conscience, it does not belong; the law will imply a promise to repay in such cases. (70 C. J. S., Payment, *supra*; *Roberts* v. *Ely,* 113 N. Y. 128; *Hoyt* v. *Wright,* 237 App. Div. 124; *Kingston Bank* v. *Eltinge, supra.*) Although the action is based upon equitable principles, it is an action at law. (*Roberts* v. *Ely, supra*; *Hoyt* v. *Wright, supra.*) The rule applies, even if the payor were negligent in not ascertaining the facts. (*Lawrence* v. *American Nat. Bank,* 54 N. Y. 432;

*Hathaway* v. *County of Delaware, supra*; *Kingston Bank* v. *Eltinge, supra,* where the court said, p. 396: " Care and diligence are not controlling elements in the case. It is a question of fact, merely.") There are exceptions to the rule — recovery is not permitted, when the payee cannot be placed in the same position in which he was, prior to the payment. (Cases cited *supra*; *Ball* v. *Shepard,* 202 N. Y. 247, where the court said, p. 256: " * * * it must appear that the defendant was not, in the first instance, entitled to receive the money; and that his circumstances have not been so changed through its receipt as to render it unjust to compel him to refund.") The exceptions are summarized (70 C. J. S., Payment, § 157, par. a, p. 368): " *Qualifications of rule* * * *. Since the rule is founded on considerations of equity and good conscience, there can be no recovery of a payment from which the payor has received a substantial benefit, or which the payee has received in good faith and may in good conscience retain, or which was due to him in honor and conscience, although it was made under a mistake of fact. *Ratification of payment.* Where the conduct of the payor, after discovering the mistake, amounts to ratification of the payment, or is inconsistent with his claim of right to recover, there can be no recovery." There is the further rule that a mistake of law will not ordinarily permit a recovery. However, the exception to this is that a recovery is allowed when a person makes a mistake as to the facts upon which the law is based. (*Adrico Realty Corp.* v. *City of New York, supra*; 70 C. J. S., Payment, § 156, p. 362.)

With these rules in mind, all that remains is their application to the facts here. There can be no question but that both Karl and the defendant thought Singer resided in Albany. They were mistaken in this. I have found he actually lived in Poughkeepsie and that was the proper place to file the contracts and mortgages. The mistakes of law were dependent upon a mistake of fact. I think that the defendant's position has not been altered to its detriment. Singer had disappeared at the very beginning and nothing could have been done by either party.

Therefore, I am constrained to find for the plaintiff. I use the word, " constrained " advisedly because I think plaintiff's assignor was negligent in not ascertaining the true facts. He should have known of defendant's prior mortgage because it was filed in Albany, and he was told Singer lived there. Had he learned of the mortgage, he never would have bought the car. That was his first mistake. Also, he could have ascertained Singer's correct residence from the registration. However,

although there are other exceptions to the rule, negligence does not prevent the plaintiff's recovery.

Numerous other defenses were raised, which I have considered, but these, I find, insufficient in law. Most of those defenses overlook the fact that the plaintiff sues as assignee.

Judgment for the plaintiff, in the sum of $700.