Samuel M. Gold, J.
Plaintiff’s motion for summary judgment is granted. Defendant’s cross motion for similar relief and for a dismissal of the complaint on the merits is in all respects denied. Plaintiff, an insurance company, because of clerical errors by four of its employees, failed to deduct a $16,500 loan when making death benefit payments on two life insurance policies to the insured’s beneficiary, the corporate defendant. Plaintiff discovered the error in November, 1956, some eight months after the payment. Immediate demand by plaintiff, thereafter, for the return of the overpayment having failed to produce any results, the present action was commenced. Defendant has admitted, inter alia, the existence of the loan for which the policies were assigned as security, and knowledge that it was unpaid at the time of the insured’s death on February 18, 1956. Defendant also has conceded that the policies contained clauses to the effect that any indebtedness thereon was to be deducted from the proceeds, and that a statement was received by defendant from plaintiff, just before the payment, showing that the amount to be paid did not include any deduction for the loan. The court can find nothing in the voluminous papers and depositions that presents facts substantial enough to negative the allegation that the overpayment was made under anything but a mistake of fact — here a series of compounded clerical errors. Both parties agree on the well-settled equitable proposition that a party should not be unjustly enriched and that money paid because of a mistake of fact may be recovered back, even though the party making the *243 mistake may have been negligent (Hathaway v. County of Delaware, 185 N. Y. 368). This is true unless the payee has, in reliance on the payment, changed his position to his detriment. The burden of proving such a detrimental change is, of course, on the payee (Hathaway v. County of Delaware, supra). Here no substantial change of position was effected as a result of this overpayment. No substantial damages resulted. As a matter of fact, there are strong indications that the extra money inured to the benefit of the defendant in some ways. Certainly an already prosperous business continued to prosper, even after the death of the insured — the president of defendant corporation. Any such changes that did occur — even though insubstantial, such as erroneous book entries — could have been put back in status quo when the plaintiff made its demand only eight months after payment. There is no need to decide whether other factors, alleged herein by plaintiff, did or should have put the defendant on notice of some overpayment even sooner. Suffice it to say that, as a matter of law, there was here a mistake of fact and no detrimental reliance resulted. It would be unconscionable to allow the defendant to benefit therefrom.
The court, having found a mistake of fact, must necessarily hold against the first, third and fourth affirmative defenses of voluntary payment, accord and satisfaction, and correct amount paid respectively. The second affirmative defense of changed position has been found not to be supported by the facts.
The defendant’s final major contention (for which he cites a long string of cases) is that in the absence of fraud an insurance company that once pays the face amount of a policy cannot recover any portion back on the ground that it later discovered facts which would have justified it in withholding payment in the first instance. The policy considerations involved in this line of cases include the fact that insurance companies have a duty to investigate the basis of liability before payment, for otherwise there would be no termination of litigation. These cases state propositions of law with which this court is familiar and agrees, but they are not in point on the present facts. There is no dispute here as to the basis of plaintiff’s liability. Plaintiff is not attempting to recover back the full amount paid or any portion of it on the ground that there was no liability to pay in the first instance. Nothing was later discovered by plaintiff which would have justified the withholding of any part of the payment that was actually due to defendant. Here the only subsequent discovery made was that, because of a mistake of fact, an amount was paid — a portion of which was clearly not due to the defendant because of the outstanding loan. In *244 these circumstances, neither an insurance company nor anyone else need show fraud in order to recover back money that was paid under such a mistake of fact. Equitable principles and not legal falderal must prevail. Settle order.