Harrison S. Jackson, J.
In this action brought by the plaintiff to recover the sum of $5,126.34 which the plaintiff claims it paid inadvertently to the defendant, this motion is addressed to the court for partial summary judgment.
The plaintiff is a stock brokerage partnership and the plaintiff acted as a broker for the defendant prior to July, 1961. The plaintiff allegedly requested the defendant to close his account and thereafter the account was closed. Plaintiff paid the defendant checks totaling $10,900. Plaintiff further claims that its grounds for the claim of restitution was a bookkeeping-error. It is stated by the plaintiff that beginning May, 1961 the defendant had a zero balance of the common stock of Certain-teed Products, Inc. The defendant placed two orders to buy 100 shares and two orders to sell an equal number of shares *1063 during early May. Thereafter he placed another order to sell. This allegedly was a “ give-up ” order. In other words, it was placed through another brokerage firm, Newburger Loeb &, Co.
The plaintiff alleges that under the brokerage custom that because of the failure of Newburger Loeb to designate the order as ‘ ‘ short ’ ’ the plaintiff has a right to assume that the defendant had ordered a “ long ” sale. Plaintiff alleges and submits exhibits to bear out the fact that defendant did not have such shares in his possession but had presumably placed his order under a mistaken impression. In June the plaintiff’s bookkeepers again overlooked the defendant’s failure to deliver the stock for sale and erroneously credited the defendant’s account with 100 shares. Sometime about July of 1961 plaintiff closed the defendant’s account again and remitted to him the proceeds of the supposed sale of his stock. Finally the oversight was discovered by an annual audit in June of 1962, after which it is alleged the plaintiff notified the defendant of its error and requested either to be provided with an equivalent number of shares of stock or repaid the proceeds of the sale. The defendant allegedly refused to acknowledge the indebtedness or to remit enough stock to cover the sale, alleging that he did not understand the plaintiff’s explanations or that he did not believe them. The customer’s agreement with respect to this transaction, and also rule X-10.A1 (6), expound the substantial statement that no member of the National Securities Exchange shall in any way execute any sell order unless such order is marked either 1 ‘ long ” or “ short ’ ’.
The court agrees with the case of Mutual Life Ins. Co. v. William B. Kessler, Inc. (25 Misc 2d 242), in which summary judgment was granted plaintiff, an insurance company which made final death benefit payments to defendants without deducting from the proceeds a $16,500 loan which had been made to the insured. This loan had been overlooked by the plaintiff’s employees.
The defendant submits his affidavit in opposition to this motion and he makes several statements with respect to denial of any overpayment of money; that the plaintiff’s monthly statements were inaccurate and failed to show all the purchases and sale of the stock in question. Further, that the purchase and sales slips had been altered.
The defendant offers no evidentiary facts or documents whatsoever to support his position. Consequently, with defendant’s failure to submit proper receipts, papers, documents, and so forth to controvert four different exhibits submitted by the plaintiff in support of its claim of the overpayment, it is difficult *1064 for this court to accept the defendant’s position of denials in his opposing affidavit. The defendant does not allege or give any evidentiary proof that he has spent the money which is sought to be recovered on living expenses, prior debts or purchases of valuables. He would have to show, that in order to compel him to make repayment, the same would be inequitable. All in all, the burden of proving such a detrimental change is of course upon the payee.
In view of the foregoing, the court grants the motion for partial summary judgment to the extent of setting this case down for the assessment of damages.